## WILLIAM W. WILLIAMS *vs.* CHARLES T. POWELL.

An officer, after attaching in a broker's office the desk and law books of an attorney, **not** more than two hundred dollars in value, and placing a keeper over them, neglected to remove them during nearly five hours of daylight, and then, after demanding of the attorney and of the broker, and being refused, a key to the lock on the door of the office, for the purpose of continuing his possession, obtained one from a locksmith. It being then near sunset, the broker put another lock on the door, and, after giving the officer notice to remove the attached chattels immediately and leave the office, and receiving a reply that he could not remove them that night, for want of means to transport or a place to store them, but would do so early in the morning, proceeded to secure the door for the night, locking in the officer and the keeper. *Held,* that the officer delayed for an unreasonable time to remove the chattels; that he abused his authority and became a trespasser; that he could not maintain an action against the broker for false imprisonment; and that it was immaterial whether or not the usage of other officers was the same under similar circumstances.

TORT for assault and false imprisonment. At the trial in the superior court, before *Lord*, J, the following facts were admitted by the defendant or proved by the plaintiff.

On June 19, 1868, the defendant, who was an insurance broker, held under a lease, and was occupying for the purposes of his business, an office in a building situated on Court Street in Boston, and was permitting Charles G. Keyes, an attorney at law, to use a portion of the office, with his desk and law books, under a parol license, for a stipulated monthly sum, payable in advance, and paid by Keyes up to July 1.

The plaintiff was a constable of Boston; and on June 19 there was put into his hands for service a writ of summons and attachment, from the municipal court of that city, in a suit of Samuel W. Spofford against Keyes, in which damages were 'aid in the sum of $200, with directions from Spofford's attorney " to attach the office furniture and library of Keyes on the writ, which was not by law exempt from attachment, in the office of said Keyes."

The plaintiff attached on the said writ the desk and law books of Keyes, about two o'clock in the afternoon of the same day, in the office above described, (no person but an office-boy being present at the time,) and left a keeper to hold possession until the plaintiff could see Keyes. About a quarter before six o'clock

the plaintiff went again to the office, and saw Keyes, who made no proposition for a settlement of the suit, whereupon the plaintiff said to him " that, if he would let him have a key to the office so that he could hold possession, they would leave," but Keyes declined to do so. The plaintiff then asked the defendant, who was also present, for a key for the same purpose, and the defendant refused to give him one. The plaintiff then procured a key to be fitted to the lock of the door of the office by a locksmith, and delivered it to the keeper, and he and the keeper were proceeding to leave the office, when the defendant remarked that, if they had a key to the office, he should have another lock put on, and should lock up the office for the night. The defendant accordingly caused a chain to be attached to the door, with which the door could be made fast by a padlock, and then said to the plaintiff, (Keyes not being present,) at twenty-five minutes past seven o'clock, " that Keyes had nothing at all in the office, and no rights there, and that, if the plaintiff had any property there which he claimed to hold, to immediately move it and himself leave the office; that he (the defendant) was going to lock the office for the night, and that, when he did, the plaintiff and his keeper would be on the outside." This was the first and only request made to the plaintiff by any person, to remove the attached chattels. The plaintiff replied " that it was so late that he could not that night find a team and help, and a place to store the property and remove the same to, but would do so early the next morning." The defendant immediately went out and secured the door on the outside with the chain and padlock, and locked the plaintiff and his keeper into the office, where the plaintiff remained three hours until, obtaining assistance, he got out of the window. The keeper, " being unable to get out, remained locked up " until quarter past nine o'clock the next morning, when Keyes gave a bond to dissolve the attachment.

The plaintiff offered to show, by the testimony of William P. Baker, a deputy of the sheriff of Suffolk, " that the usage among officers, in making attachments under similar circumstances, was the same as that pursued by the plaintiff in this

case;" but, on the defendant's objection, the judge excluded the offered evidence. The plaintiff also offered to show "that, after the demand to remove the property was made, he, did not have a reasonable time to get assistance, team and place to store it, and remove the same before the locking of the door as aforesaid," but the judge excluded this also. The plaintiff further contended " that the case should go to the jury upon the question of whether the plaintiff did have a reasonable time to remove said property," but the judge " declined to submit any question, and ruled that the plaintiff could not maintain his action, and directed a verdict for the defendant," which was returned ; and the plaintiff alleged exceptions.

*R. Lund,* for the plaintiff.

*C. G. Keyes,* for the defendant.

GRAY, J. The evidence in this case wholly fails to support the charge of assault or false imprisonment. An officer has no right to make use of the tenement of one person to keep goods, attached on a writ against another, for a longer time than is reasonably necessary to remove them. *Rowley* v. *Rice,* 11 Met. 337. What is reasonable time, when depending on undisputed facts, is a question of law. *Spoor* v. *Spooner,* 12 Met. 285. *Pratt* v. *Farrar,* 10 Allen, 521. Five hours of daylight were clearly more than a reasonable time to remove an attorney's desk and law books of not more than two hundred dollars in value. The plaintiff had no right as against the defendant to hold possession of his office until he could see the debtor ; and, by keeping possession of the defendant's office for more than five hours, and then, after demanding and being refused a key, obtaining one from a locksmith for the purpose of continuing his possession, he abused his authority and became a trespasser. *Malcolm* v. *Spoor,* 12 Met. 279. Under such circumstances, the defendant was justified in giving him notice to remove immediately, and, on his refusing to do so, in securing the door for the night; and the plaintiff, if he chose to remain inside, had no cause to complain of being locked in. *Spoor* v. *Spooner,* 12 Met. 281. Testimony that it was the custom of other officers to behave as unreasonably as this plaintiff would not show his

conduct to be reasonable or lawful. It was therefore rightly ruled that such testimony was inadmissible, and that the plaintiff could not maintain his action.     *Exceptions overruled.*