### RUTH A. DAVIS *vs.* JAMES R. STONE.

Suffolk.   March 4. — May 7, 1875.   MORTON & ENDICOTT, JJ., absent.

An officer directed to attach the goods of A. attached furniture in the dwelling-house of B., some of which belonged to B. In an action by B. for the conversion of the furniture, it appeared that when the officer made the attachment B. claimed all the goods as her property, and refused, when requested by the officer, to tell him which were her goods and which were not. The defendant offered no evidence to show that any of the goods attached belonged to A. *Held*, that the defendant was liable.

TORT for conversion of the plaintiff's goods.

At the trial in the Superior Court, before *Putnam,* J., the defendant admitted that the articles named in the plaintiff's writ were the property of the plaintiff, and that he took them from her house; but alleged in defence that he took them, with other furniture, as the property of one Jenkins, by virtue of a writ in favor of Teller against the said Jenkins. He testified that he went to the house, with a keeper, for the purpose of making the attachment; that the plaintiff at first refused him admittance but that he finally gained it, as he alleged, in a peaceable man-

ner After entering he told her that he was an officer, showed her the writ, and said he had come to attach the furniture of Jenkins, which was there. The plaintiff replied that she owned all the goods there, and told him not to take them; if he did, he would suffer for it; to which the defendant replied that he had no desire to take her goods, that he did not come there for that purpose, and if she would be kind enough to tell him which were her goods he would not take them. She replied that she should not give him any information as to what were her goods and what were not. The defendant then said that he should use his own judgment, as he was satisfied that there were goods there belonging to Jenkins. He thereupon attached them, and put his keeper in possession. The plaintiff, immediately after his first entry, had locked the door through which he entered, and taken the key, and refused to let him go out, and he left the house through an open window. This was not later than half-past nine in the morning. In the afternoon, between four and five o'clock, he returned to the house with a horse and wagon to take away the goods, but was again refused admittance by the plaintiff, and thereupon he went and procured the services of a locksmith, who picked the lock, and he entered and removed the goods, taking with him the goods in controversy.

The goods which the defendant attached as the goods of Jenkins were in the parlor on the first floor of the house, in which were also some of the goods in controversy, all of which were taken away by the defendant. The defendant also attached, as the property of Jenkins, and took away other goods of the plaintiff, which he now concedes to be the property of the plaintiff, which were in a chamber on the second floor, being, substantially, everything in the chamber, the door of which was unlocked by the locksmith whose services had been procured by the defendant Before he removed said goods from the chamber, he asked the plaintiff to tell him which were hers and which were Jenkins's goods, but she refused to give him any information about it, except that he must proceed at his peril. It was agreed that the plaintiff hired this house and was the only tenant of it; and that, at this time, Jenkins with his wife, a sister of the plaintiff, were temporarily residing with the plaintiff.

The defendant offered no evidence to show that any of the goods which he attached were in fact the property of the said Jenkins, but only that he attached them, under the writ, as his property. The presiding judge ruled that the defendant was not justified in taking this property, which he now conceded belonged to the plaintiff, and for which this suit was brought, and the case was then, by consent of parties, withdrawn from the jury and reported for the determination of this court, upon the correctness of this ruling. If the defendant was so justified, judgment was to be entered for him ; if not so justified, the case to stand for trial.

*P. Thacher*, for the defendant, was first called upon.

*C. H. Drew*, for the plaintiff, was stopped by the court.

AMES, J. As the defendant has wholly failed to show that any of the goods which he attached belonged to the debtor named in the writ of attachment, he fails to show any legal justification for the act. According to the terms of the reservation, therefore, the *Case must stand for trial.*