### RUTH A. DAVIS *vs.* JAMES R. STONE.

Suffolk. March 31. — April 10, 1876. COLT & LORD, JJ., absent.

An order of this court, that a case "must stand for trial," on the ground that the defendant failed to show a legal justification for his act, leaves the whole case open, and does not limit the trial to the question of damages only.

In an action by A. against an officer for attaching the plaintiff's furniture, on a writ against B., there was evidence that the officer went to A.'s house, where B. was temporarily residing, and told A. that he was an officer and had come to attach B.'s furniture; that A. said she owned all the goods there, and told the officer not to take them; that he asked her to point out her goods and she refused, saying she would not give him any information as to what were her goods and what were not; that the officer thereupon attached all the furniture as the property of B., some of which in fact belonged to A., and some to B. *Held*, that this evidence warranted a finding that A. had not unlawfully or fraudulently intermingled her goods with those of B., and that she might recover for the taking of her goods.

An officer, after attaching furniture in a dwelling-house in the city of Boston, and placing a keeper over it, neglected to remove it or to take any steps towards such removal for seven hours in the middle of the day. *Held*, as matter of law, that the officer delayed for an unreasonable time to remove the chattels, and that he became a trespasser.

Tort. The declaration contained two counts. The first was for the conversion of certain articles of furniture. The second count alleged that the defendant forcibly and against the will of the plaintiff entered into the house, lawfully in her possession and occupation, and caused one other person also to enter forcibly said house, and that the defendant and said other person remained, contrary to the will of the plaintiff, in said house for four hours; and kept her from the use and enjoyment thereof during that time, and seized and carried off various articles of furniture belonging to her, and created great riot and disturbance in and about said house, to her great injury. The answer contained a general denial, and alleged that the defendant took the goods as constable of the city of Boston, as the property of one Jenkins, by virtue of a writ in favor of one Teller against said Jenkins; that he lawfully entered the house occupied by the plaintiff, and, finding there some goods claimed by the plaintiff intermingled with those of Jenkins, requested the plaintiff to point out to him such articles as she claimed as her own, which she refused to do, and that thereupon he took them into his possession.

At the first trial of this case, the defendant offered no evidence to show that any of the goods attached were in fact the property of Jenkins, but only that he attached them as his property. The judge ruled that the defendant was not justified in taking the property, and reported the case for the consideration of this court, the case to stand for trial, if the defendant was not so justified. This court held that the defendant had failed to show any legal justification, and ordered the case to stand for trial. 117 Mass. 486.

When the case came on again for trial in the Superior Court, before *Putnam*, J., without a jury, the plaintiff contended that she was entitled to judgment without a further hearing, and that it was not competent for the defendant to show that any of the goods attached were the property of Jenkins. The judge ruled otherwise.

It was then agreed that the facts stated in the former report of the case were true. So far as they appear to be material they are as follows : " He [the defendant] testified that he went to the house, with a keeper, for the purpose of making the attach-

ment; that the plaintiff at first refused him admittance, but that he finally gained it, as he alleged, in a peaceable manner. After entering he told her that he was an officer, showed her the writ, and said he had come to attach the furniture of Jenkins, which was there. The plaintiff replied that she owned all the goods there, and told him not to take them; if he did, he would suffer for it; to which the defendant replied that he had no desire to take her goods, that he did not come there for that purpose, and if she would be kind enough to tell him which were her goods he would not take them. She replied that she should not give him any information as to what were her goods and what were not. The defendant then said that he should use his own judgment, as he was satisfied that there were goods there belonging to Jenkins. He thereupon attached them, and put his keeper in possession. The plaintiff, immediately after his first entry, had locked the door through which he entered, and taken the key, and refused to let him go out, and he left the house through an open window. This was not later than half past nine in the morning. In the afternoon, between four and five o'clock, he returned to the house with a horse and wagon to take away the goods, but was again refused admittance by the plaintiff, and thereupon he went and procured the services of a locksmith, who picked the lock, and he entered and removed the goods, taking with him the goods in controversy.

" The goods which the defendant attached as the goods of Jenkins were in the parlor on the first floor of the house, in which were also some of the goods in controversy, all of which were taken away by the defendant. The defendant also attached, as the property of Jenkins, and took away other goods of the plain tiff, which he now concedes to be the property of the plaintiff, which were in a chamber on the second floor, being, substantially, everything in the chamber, the door of which was unlocked by the locksmith whose services had been procured by the defendant. Before he removed said goods from the chamber, he asked the plaintiff to tell him which were hers and which were Jenkins's goods, but she refused to give him any information about it, except that he must proceed at his peril. It was agreed that the plaintiff hired this house and was the only tenant of it; and that, at this time, Jenkins with his wife, a sister of the plaintiff, were temporarily residing with the plaintiff."

The judge found, upon these facts and the other evidence offered, that a portion of the property attached (being all of it excepting what the plaintiff sued for as her own) was the property of Jenkins.

The defendant thereupon asked the judge to rule that the defendant was entitled to judgment upon both counts; but the judge ruled otherwise, and ordered judgment for the plaintiff upon the first count for $80.50.

Upon the second count the plaintiff asked the judge to find that the defendant kept the goods, attached by him in the plaintiff's house, an unreasonable length of time, and that the plaintiff was therefore entitled to damages upon the second count; but the judge ruled otherwise, and found for the defendant upon this count. Both parties alleged exceptions.

*C. H. Drew,* for the plaintiff.

*P. Thacher,* for the defendant.

GRAY, C. J. The order, made when this case was formerly before us, that it should stand for trial, left the whole case open, and did not limit the trial to the question of damages only. *Davis* v. *Stone,* 117 Mass. 486.

Upon the facts admitted or appearing upon the trial, the judge may rightfully have found that the plaintiff had not unlawfully or fraudulently intermingled her goods with those of Jenkins, and that she might therefore recover for the taking of her goods by the defendant. *Shumway* v. *Rutter,* 8 Pick. 443, 448. *Smith* v. *Sanborn,* 6 Gray, 134. His rulings in matter of fact are not open to revision here. *Whiton* v. *Nichols,* 3 Allen, 583. *Hoar* v. *Goulding,* 116 Mass. 132.

But the occupation of the plaintiff's house by the defendant with a keeper for seven hours in the middle of the day in the city of Boston, without making any attempt to begin to remove the goods, or, so far as appears by the bill of exceptions, taking any steps towards such removal, was, as matter of law, unreasonable and made the defendant a trespasser. *Williams* v. *Powell,* 101 Mass. 467.

The result is that the defendant's exceptions must be overruled, and the

   *Plaintiff's exceptions sustained as to the second count only.*