JOHN F. HOLLAND *vs.* JAMES F. ANTHONY *et al.*

Where an officer takes possession of a store under a writ of attachment, if he excludes the owner from the store, he exceeds his authority and becomes liable as a trespasser.

It is the duty of an officer who has attached a store and contents subject to a mortgage, to remove from the store, within a reasonable time after making the attachment, a sufficient amount of the goods and chattels to cover both the mortgage debt and the claim sued on, and to leave the owner in undisturbed possession of his store and the residue, if any, of his stock and fixtures.

DEFENDANTS' petition for a new trial.

This was trespass *quare clausum fregit* against the sheriff of Newport county and his deputy for breaking and entering the plaintiff's store and ejecting the plaintiff therefrom. The deputy took possession of the store and contents August 7, 1894, under a writ of attachment, excluded the owner, the defendant in the attachment writ, from the store, and retained possession until September 26, 1894, when he sold the property under the execution issued in the attachment suit. The property attached was subject to a mortgage.

*September* 27, 1895. PER CURIAM. The defendants exceeded their authority in excluding the plaintiff from his store, and thereby became liable as trespassers. It was their duty, within a reasonable time after making the attachment, to have removed from the store a sufficient amount of the goods and chattels belonging to the defendant to have covered the amount due on the mortgage and claim for which the attachment was made, and to have left the plaintiff in undisturbed possession of the store and the residue of his stock and

fixtures, if any. *Malcom* v. *Spoor*, 12 Met. 279 ; *Williams* v. *Powell*, 101 Mass. 467 ; *Davis* v. *Stone*, 120 Mass. 228 ; *Cutter* v. *Howe*, 122 Mass. 541 ; Drake on Attachment, § 200.

We see no reason for holding that the damages were excessive, and we think that the charge of the court was sufficiently favorable to defendants.

New trial denied, petition dismissed, and case remitted to the Common Pleas Division with direction to enter judgment on the verdict.

*Charles Acton Ives*, for plaintiff.

*Frank S. Arnold & William P. Sheffield, Jr.*, for defendants.