WALTER C. LEWIS *vs.* ELISHA B. WORRELL.

Suffolk. January 20, 1904. — May 19, 1904.

Present: KNOWLTON, C. J., LATHROP, BARKER, HAMMOND, & BRALEY, JJ.

*Contract*, Construction, Performance and breach. *Words*, "For the present."

A contract to pay bills incurred for a certain purpose "for the present" is a promise to pay the bills, in the absence of a termination of the contract by notice, for a period of indefinite length not unreasonably long, and when the facts are not in dispute how long a time is reasonable is a question of law.

The promise of the defendant, who was interested in a certain corporation, to pay "for the present" the plaintiff's bills for advertising to be done for the corporation, was held, on the facts of this case and in the absence of any occurrence to terminate the arrangement, to have remained in force as long as fifteen months.

In an action on a contract to pay "for the present" the plaintiff's bills for advertis-
ing done for a certain corporation in which the defendant was interested, it ap-
peared, that it was understood by the parties that the advertising was for the
benefit of the corporation and ultimately should be paid for by it, although done
on the credit of the defendant, that the first four monthly bills were paid by the
defendant and the next five were paid by the corporation although made out to
the defendant, and the defendant usually was found in the office of the corpora-
tion where its treasurer was. The defendant offered to show that the plaintiff's
agent brought the bills to the treasurer and asked him to pay them. *Held*, that
this evidence would not warrant a finding that the defendant's promise had come
to an end and that the advertising was done on the credit of the corporation.

CONTRACT by an advertising agent for advertising the pro-
spectus and sale of capital stock of the Sherman-Worrell Fruit
Company, incorporated on October 26, 1899, for which it was
alleged that the defendant agreed to pay. Writ dated March
11, 1901.

At the trial in the Superior Court before *Bell*, J., the judge
refused to make the rulings requested by the defendant, and
ruled " that even upon the contract as stated by the defendant,
which was in substance that the plaintiff was entitled to charge
advertising bills to him for the present, the defendant had not
made out a defence, because there was no competent evidence
that that arrangement 'for the present' was terminated by
either of the parties, but that it continued up to and including
the incurring of the bill in suit, and therefore the authority to
charge the bill in suit to the defendant existed, when it was
charged, and that being so charged and by authority, the plain-
tiff was entitled to recover upon it."

He directed a verdict for the plaintiff in the sum of $3,171.56,
which was agreed upon by the parties in case the rulings above
quoted were correct. The defendant alleged exceptions, raising
the questions stated by the court.

*S. C. Darling & S. B. Darling*, for the defendant.

*W. D. Turner*, for the plaintiff.

KNOWLTON, C. J. This is an action to recover the amount of
a bill for advertising. " The sole questions were as to credit
upon which the advertising had been done and the duration of
the same." There was some dispute between the plaintiff and
the witness who had represented him as an agent on one side,
and the defendant on the other, as to the terms of the contract.
But there was no dispute that the advertising was done for the

benefit of the Sherman-Worrell Fruit Company in which the defendant was interested. The defendant's testimony as to the contract was that one Riegel, an agent of the plaintiff, came to him and solicited for the plaintiff the advertising of the company, "and that he gave him, early in November, 1899, several small orders which the plaintiff executed ; that prior to the middle of that month Riegel came to him and a large order for an advertisement in the Congregationalist was talked over ; that Riegel then said to the defendant that the plaintiff did not know the fruit company, but did know the defendant, and inquired of him if the defendant was willing to have the bills charged for the present to himself and that he assented thereto ; that at an interview several days later at the plaintiff's office the plaintiff said to the defendant that the arrangement was satisfactory ; and that the defendant did not again see or have any communication with the plaintiff. There were no other conversations on the subject of the credit until after the advertising in suit was done." The fruit company was organized as a corporation on October 26, 1899. The bill in suit was contracted in January, 1901, and was made up of charges for advertising procured by the plaintiff in various newspapers at different times during that month. The plaintiff procured advertising for the defendant for the benefit of the corporation, from time to time, covering the period from November, 1899, to January, 1901, the price of which, by direction of the plaintiff, was charged by his book-keeper to the defendant, and all the bills were made in the defendant's name. The judge ruled that upon the contract as stated by the defendant no defence was shown, and directed a verdict for the plaintiff.

The first question is, What is the construction of the contract as to the duration of the credit which the defendant authorized ? There is no doubt that the kind of service which the plaintiff was rendering was that contemplated by the contract, and the inquiry in this part of the case is whether, under the original authority, the plaintiff might continue to charge such bills to the defendant for fourteen months, so long as there was no further communication between the parties. On the defendant's testimony the plaintiff might charge bills to him " for the present." That means, so long as there was no termination of

the contract by notice, for a period of an indefinite length, with an implied condition that it should not be unreasonably long. The question how long a time would be reasonable, when the facts are undisputed, is a question of law. We are of opinion that a contract of this kind, in reference to conditions then existing, would continue in force, in the absence of any occurrence to terminate it, as long as fifteen months.

The next question is whether the evidence relied on by the defendant would warrant a finding that the plaintiff had lost his rights in this particular. The first four bills, namely, those for November and December, 1899, and January and February, 1900, were paid by the defendant's checks. The bills for March, April, May, June and September were paid by the corporation. These bills were all made to the defendant, and it appeared that he was usually found in the office of the corporation, where the treasurer was. The treasurer testified that at the times of the payments there was no conversation with the plaintiff's agent at which the agent spoke of the company as the one liable for the bill which he presented, although the defendant offered to show that the agent brought the bills to the treasurer and asked him to pay them.

It is an important fact that it was understood between the plaintiff and the defendant that this advertising was for the benefit of the corporation, and should ultimately be paid for by it, although it was contracted for by the defendant on his own credit. While the arrangement was not technically a guaranty by the defendant of the corporation's debt, it was a loan of credit by him to the corporation to obtain that for which the corporation should pay. Under these circumstances, when the services had been rendered upon a contract with the defendant, and charged to him as the only debtor, there was nothing inconsistent in receiving from the treasurer, in the office where the defendant was accustomed to stay, payments which ultimately, to relieve the defendant, the corporation was expected to make. In our opinion this evidence would not have warranted a finding that the relations between these parties, under their contract, had come to an end, or that the plaintiff was furnishing the advertising on the credit of the corporation.

*Exceptions overruled.*