SYLVIA KISER, APPELLEE V. CHARLES B. DENNEY, APPELLANT.

FILED NOVEMBER 13, 1915.   No. 18347.

Contracts: TIME FOR PERFORMANCE: QUESTION FOR COURT. In the construction of an executory contract, which does not by its terms fix a time for its performance, when there is no fact in dispute, the question of reasonable time for its performance is one of law to be determined by the court.

APPEAL from the district court for Douglas county: GEORGE A. DAY, JUDGE. *Reversed.*

*Weaver & Giller,* for appellant.

*James B. Kelkenney* and *John E. Quinn, contra.*

MORRISSEY, C. J.

March 8, 1909, plaintiff paid defendant $100 on a contract for the purchase of certain real estate at the agreed price of $5,000. The contract, which was in writing, provided: "A complete abstract of title, brought down to date, is to be furnished. Should any defect be found in the title and insisted upon, this agreement shall be null and void, unless otherwise agreed, and all moneys paid over by said Kiser shall be returned to her." A few days later an abstract was furnished plaintiff which disclosed a suit pending, in the district court for the county where the real estate was situated, against the holder of the record title. It is conceded that the suit constituted at least a contingent defect in the title. Plaintiff demanded a return of the money, and March 23, 1909, commenced this action to recover the amount paid. April 1 following, defendant secured the dismissal of the suit in the district court, and made a tender of the deed and abstract. The tender was not accepted. On the trial of this cause the jury was requested to determine whether or not defendant tendered the deed and abstract within a reasonable time. The jury found that he did not, and returned a verdict in favor of plaintiff for the amount paid on the contract.

We are called upon to decide whether there was a question of fact to submit to a jury, or merely a question of law to be determined by the court. There is no dispute in the evidence. But 23 or 24 days elapsed between the making of the contract and the tender of a sufficient deed and an abstract showing a clear title. There is nothing in the language of the contract to indicate that time is of its essence. It provided for the usual formalities in the

Kiser v. Denney.

transfer of the title to real estate. The contract contemplated the preparation of the deed and abstract, and their submission for examination, but did not fix a time within which this should be done. An abstract was prepared, counsel for plaintiff made objection because of the pending suit, steps were taken to secure its dismissal, it was dismissed, and on April 2 a complete tender was made.

In *Spoor* v. *Spooner,* 12 Met. (Mass.) 281, in the body of the opinion, it is said: "As to contracts where something is to be performed, and the contract is silent on the subject, what is a reasonable time for its performance is held to be matter of law. And so, where the facts are agreed, reasonable time is matter of law. But where the facts are controverted, and the motives of the parties are involved in the question, there reasonable time is a question for the jury." This is cited with approval in *Williams v. Powell,* 101 Mass. 467, 3 Am. Rep. 396. To the same effect is *Pratt v. Farrar,* 10 Allen (Mass.) 519. The court said: "The facts not being in dispute, what was reasonable time was rightly treated as a question of law." And the same doctrine is reiterated in *Lewis v. Worrell,* 185 Mass. 572. In *Chicago, R. I. & P. R. Co. v. Boyce,* 73 Ill. 510, an action by a passenger for loss of his baggage while in the warehouse of the railroad company, the question was what constituted a reasonable time or opportunity for the passenger to claim and take away his baggage. There the court said: "What constitutes such reasonable time and opportunity is a mixed question of law and fact, depending very much upon the peculiar facts of each individual case; but when the facts are undisputed it is purely a question of law, and the court should decide it."

In the case at bar there was no controverted question, and it follows that there was nothing to submit to the jury. The facts not being in dispute, the question of reasonable time was purely a question of law. The briefs of parties are silent as to what constitutes reasonable time under the circumstances in this case, and we are not asked to offer a suggestion on the question. However, in order that

the litigation may be ended, we think it is well to say that, taking the record as it stands, and construing the contract in accordance with the usual rules of business, a tender was made within a reasonable time.

REVERSED AND REMANDED.

SEDGWICK and HAMER, JJ., not sitting.