## QUINN v. OLSEN.

(Circuit Court of Appeals, Eighth Circuit. April 21, 1924.)

No. 6357.

1. **Vendor and purchaser** ⊙⊃144(2)—**Delay of four months in clearing up title, after delay of two years because of litigation, held unreasonable, amounting to breach of contract by vendor.**

After delay of nearly two years because of litigation questioning vendor's title, vendor was required to act with dispatch to clear up title, and further delay of over four months in obtaining release of two mortgage deeds and of attorney's lien, and completion and tender of abstract, was failure to act within reasonable time, amounting to breach of contract.

2. **Vendor and purchaser** ⊙⊃331—**Where facts undisputed, whether vendor tendered performance within reasonable time held question of law for court.**

Where facts are undisputed, whether vendor tendered performance within reasonable time *held* question of law for court.

⊙⊃For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

3. Vendor and purchaser ⚖︎143—Purchaser's statement, on refusing tender, held not inconsistent with defense of vendor's failure to perform within reasonable time.

   Statement by purchaser, on refusing vendor's tender of performance, made more than two years after contract executed, that vendor should not expect him to take land when it had gone down in price, *held* not refusal solely because of land's depreciation in value, but to mean that after the long delay he should not be called on to take land when it had so greatly depreciated in value, and rule that party after litigation is begun is estopped from giving reason for his conduct different from that previously given was inapplicable.

In Error to the District Court of the United States for the District of Nebraska; Joseph W. Woodrough, Judge.

Action by Charles H. Quinn against Andrew Olsen. Judgment for defendant, and plaintiff brings error. Affirmed.

J. L. Root, of Omaha, Neb. (W. A. Robertson, of Plattsmouth, Neb., and H. E. Kuppinger, of Omaha, Neb., on the brief), for plaintiff in error.

T. S. Allen, of Lincoln, Neb. (H. J. Requartte, of Lincoln, Neb., on the brief), for defendant in error.

Before STONE and LEWIS, Circuit Judges, and PHILLIPS, District Judge.

PHILLIPS, District Judge. Plaintiff in error, hereinafter called plaintiff, brought this action against defendant in error, hereinafter called defendant, to recover damages for alleged breach of a contract for the sale of a tract of farming land situated in Cass county, Neb.

On September 23, 1919, Edward M. Gustin and J. M. Ward negotiated a sale of this land to defendant. Two contracts were prepared, signed by the defendant and forwarded to plaintiff for his signature at Twin Falls, Idaho, where he then resided. The contracts were not satisfactory to plaintiff. About October 10, 1920, plaintiff had prepared the contract on which this action is based.

It provided for the sale by plaintiff and purchase by defendant of the N. W. ¼ of section 28, township 10 N., range 10 E. 6th principal meridian, subject to a lease then outstanding, on substantially the following terms: Defendant was to deposit with the American Exchange Bank of Elmwood, Neb., as escrow agent, his check in the sum of $1,000 payable to the plaintiff, to be held by the escrow agent until plaintiff furnished an abstract showing good and marketable title in plaintiff, and was to pay the balance of the purchase price, amounting to $29,400, on "March 1, 1920, or as soon thereafter as" plaintiff furnished "said abstract of title showing good and marketable title in himself, free and clear of all liens and incumbrances." Defendant was to have the rents and profits from and after March 1, 1920; and plaintiff was to deposit a warranty deed to the land, running from plaintiff to defendant, with the escrow agent to be delivered on payment of purchase price. It further provided that time was the essence of the contract, and in the event of failure by defendant to comply with the covenants on his part to be performed, that plaintiff should be released from all obligations under

⚖︎For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

the contract and defendant should forfeit all his rights under the contract and all moneys paid thereunder as liquidated damages. The contract was executed by plaintiff and defendant and together with plaintiff's deed and defendant's check were deposited with the escrow agent.

Plaintiff had acquired the land by deed from his mother. Prior to the date of the sale to defendant the mother had died and plaintiff's brothers and sisters were threatening to bring a suit to cancel the conveyance from the mother to plaintiff. Both plaintiff and defendant knew of this impending litigation at the time the contract was executed.

In December, 1919, an abstract was delivered to the cashier of the escrow agent bank which revealed the pendency of a suit brought by plaintiff's brothers and sisters to cancel the deed from plaintiff's mother to himself, and the cashier wrote defendant advising him of that fact. The action above referred to was commenced on December 26, 1919, in the district court of Cass county, Neb. The plaintiff was not served with process, but on learning of the suit voluntarily appeared and defended. The case was tried at the March, 1920, term of the court, and judgment entered vacating and setting aside the deed. Thereupon W. A. Robertson, as attorney for plaintiff, called on the defendant, advised him of the result of the suit and asked if he would release plaintiff from the contract. Defendant replied that he would not. Robertson then told him the case would be appealed to the Supreme Court, and in his opinion would be reversed. Defendant replied that, if plaintiff could not furnish him an abstract showing good title, he would expect plaintiff to pay him damages. Robertson asked him what they were, and he said $1,600. Robertson then replied that the plaintiff would carry the case to the Supreme Court, and if plaintiff could not furnish an abstract at the end of the suit he would have no trouble in collecting damages from the plaintiff.

Thereupon an appeal was duly prosecuted from the judgment, which resulted in a reversal and an order remanding the cause, with instructions to enter judgment in behalf of the defendant in that action, plaintiff here. On July 27, 1921, judgment was entered on the mandate in favor of plaintiff.

At the time the contract was entered into there was an outstanding mortgage against the land running from plaintiff to the Elmwood State Bank dated "April ——, 1919." This mortgage was filed June 18, 1920. On December 6, 1921, a release dated December 2, 1921, was filed of record.

When the appeal was taken from the state court judgment, the plaintiff gave a supersedeas bond. One Snyder executed this bond with him as surety. In order to secure Snyder against loss on this bond plaintiff under date of April 3, 1920, executed and delivered to Snyder a mortgage on the land. This mortgage was recorded April 5, 1920. On November 3, 1921, a release thereof dated September 27, 1921, was filed of record.

On July 18, 1921, the attorneys for plaintiff in the proceeding in the state court filed a notice of attorney's lien dated July 16, 1921. On December 6, 1921, a release of this lien dated November 29, 1921, was filed of record.

On December 7, 1921, plaintiff and his attorneys, W. A. Robertson and Byron Clark, called upon the defendant and served a written notice which set out that plaintiff in compliance with the contract of sale had furnished and left with the escrow agent an abstract of title showing good and marketable title in the plaintiff, free and clear of all liens and incumbrances, to the land described in the contract; that plaintiff demanded defendant deposit with the escrow agent the balance of the purchase price for plaintiff's use; that the rents arising from the land since March 1, 1920, were on deposit with the escrow agent in the shape of a certified check which plaintiff tendered to defendant; that the crop rents accruing for the year 1921 were with the tenant who continued under the lease in effect at the date of the contract, and that an order on the tenant for these rents was tendered with the notice. Robertson and Clark testified that, when service of the notice was made on defendant, he threw it down on the ground, said he had burned up his contract, had notified the agent he was not going to complete the deal, and that they should not expect him to take the land, when it had gone down like it had in price.

The check deposited with the escrow agent by defendant was delivered to the plaintiff and was presented for payment. Payment was stopped by defendant and the check was returned protested under date of December 12, 1921.

Thereupon this action was brought by the plaintiff. The case came on for trial and plaintiff offered his evidence from which the foregoing facts appeared, and also facts showing the amount of depreciation in the value of the land between the date of the contract and the date of plaintiff's tender and defendant's refusal. At the close of the case defendant moved the court for a directed verdict. Both parties took the position that whether performance was tendered within a reasonable time was a question of law for the court, but the plaintiff made a request in the alternative that the issue be submitted to the jury. The court sustained defendant's motion and directed the jury to return a verdict for the defendant. Judgment was entered on the verdict, and from that judgment a writ of error to this court was sued out.

The plaintiff assigns nine separate specifications of error. They raise three principal questions: First. Did the plaintiff furnish an abstract showing good and marketable title in himself within a reasonable time after the date of the execution of the contract of sale? Second. Was the question of whether or not plaintiff furnished such abstract and tendered the performance within a reasonable time a question for the jury? Third. Did defendant by his statements made at the time of the tender preclude himself from defending on the ground that the abstract was not tendered within a reasonable time?

[1] Both parties to the contract knew litigation was impending questioning the plaintiff's title at the time the contract was signed. Plaintiff defended this litigation with due diligence, and, when the judgment in the lower court was rendered against him, he prosecuted an appeal therefrom, brought about a reversal of the judgment and the entry of a decree in his favor, likewise with due diligence.

But plaintiff's delays thereafter present a more serious question. Assuming that plaintiff had a right to give the mortgage of April 3, 1920,

to indemnify his surety on the supersedeas bond, and that the filing of the attorney's lien July 16, 1921, was unavoidable, the question still remains: Was the period between July 27, 1921, and December 6, 1921, more than a reasonable time within which for plaintiff to correct the defects in his title and prepare and tender an abstract showing marketable title?

When the judgment was entered in the state court on July 27, 1921, no further liability could exist on the part of Snyder under the supersedeas bond. There is no reason why this mortgage should not have been promptly released and satisfied of record, yet it was not actually satisfied until September 27, 1921, and the release was not filed until November 3, 1921. The mortgage to the Elmwood Bank made prior to the date of the contract of sale was payable May 1, 1920, so that plaintiff could have paid and caused the satisfaction thereof at any time after May 1, 1920, but this mortgage was not released until December 2, 1921, and the release was not recorded until December 6, 1921. No reason appears why the plaintiff could not have paid his attorneys and secured a release of their lien at any time after the entry of judgment in his favor, and yet their lien was not released until November 29, 1921, and the release was not filed until December 6, 1921.

After a delay of almost two years occasioned by the litigation in the state court, which was finally ended on July 27, 1921, plaintiff was certainly required to act with dispatch in the performance of his part of the contract. A delay from July 27th to December 6th, 1921, in bringing about the release of two mortgage deeds and of the attorney's lien and the completion of the abstract and tender of the same in our opinion was a failure to act within a reasonable time which amounted to a breach of the contract and discharged the defendant from further liability thereunder if he so elected.

[2] Where there is no dispute as to the facts as in this case, the question of whether or not plaintiff tendered performance within a reasonable time was a question of law for the court. Kiser v. Denney, 99 Neb. 3, 154 N. W. 835; Williams v. Powell, 101 Mass. 467, 3 Am. Rep. 396; Lewis v. Worrell, 185 Mass. 572, 71 N. E. 73; Kleeb v. Long-Bell Lumber Co., 27 Wash. 648, 68 Pac. 202.

[3] Plaintiff contends, however, that the defendant because of his statement made at the time of the tender is precluded from urging this failure as a defense.

In the case of Railway Co. v. McCarthy, 96 U. S. 258, 24 L. Ed. 693, the Supreme Court of the United States said:

"Where a party gives a reason for his conduct and decision touching any thing involved in a controversy, he cannot, after litigation has begun, change his ground, and put his conduct upon another and a different consideration. He is not permitted thus to mend his hold. He is estopped from doing it by a settled principle of law."

This principle of law is well settled, but it has no application in the instant case. Defendant in effect said because of the delay, he had theretofore burned up his contract and notified the agent, and that after this long delay he should not be called upon to take the land when it had depreciated greatly in value. Defendant was not a lawyer, and he

was not called upon to couch his refusal in legal phraseology. What he said was not susceptible of the construction that he refused to accept solely because of the depreciation of the value of the land, and was not inconsistent with the defense of failure to perform within a reasonable time.

It is therefore our opinion that the trial court correctly directed a verdict and the judgment is affirmed.