Hibbard, P. J.
This action is stated in the report to be one of contract in which the plaintiff seeks to recover for the alleged placing of a diner then in the custody of the defendant, a deputy sheriff, upon property belonging to the plaintiff and without his permission. The answer is a general denial.
While it is stated to be an action of contract, an inspection of the declaration discloses that it was drawn in three counts, two in the nature of contract and the third in tort, and phrased as follows:
“Count 3. Now comes the plaintiff and says the defendant unlawfully contributed to the maintenance of a nuisance upon the property of the plaintiff, to-wit, the unlawful placing of a diner in the custody of the defendant under a writ of attachment upon the property of the plaintiff, thereby trespassing upon the *521 said property for a continuous period of thirty-two days, all to the great damage of the plaintiff.”
At the trial there was evidence tending to show that the plaintiff was a tenant in possession of a plot of ground used as a gasoline station and for parking; that the defendant as deputy sheriff attached in bulk a diner located on a parcel of land situate in front of one corner of the plaintiff’s property used as a parking lot, which attachment as of the date of the report was still in force; that upon October 12, 1936, the diner was removed by a third party from its original resting place; that the plaintiff was then told in order to facilitate its removal it was first necessary that it be moved onto his property where it was left over night; that the work of moving continued the following day until the defendant ordered it stopped and returned to the location from which it had been taken; that at this time the diner was entirely on the property of the plaintiff who objected to its continuance thereon; that the defendant in reply to such objection stated he was a deputy sheriff and that the diner was under attachment, and asked the plaintiff who he was to tell him where it was going; that the defendant called at his parking lot and conversed with the plaintiff frequently promising to make it right with him — this testimony however was denied by the defendant and according to the report disbelieved by the Court.
There was further evidence tending to show that the diner was finally removed by the defendant on November 13, 1936; that the day before its removal the defendant requested that no cars be parked near it so that it might easily be moved and that the plaintiff complied with that request.
Testimony was offered tending to show the diner occupied a considerable space, large enough to park seven cars and as to the rental value of the spaee so occupied; *522 that when the diner was being removed the entrance to the parking lot was so obstructed as to prevent any car from entering or leaving this lot.
At the close of the trial and before the final arguments, the plaintiff filed four requests:
The first and second were as follows:
“1. That a deputy sheriff has no right to use the premises of one person to beep goods attached on a writ against another.
2. If a deputy sheriff, expressly or impliedly permits goods attached on a writ against one person to be placed or remain on the property of another, without the consent of the owner of such property, he renders himself liable as a trespasser.”
These requests were denied “as being contra to General Laws ch. 223, sec. 49.”
The third and fourth requests were as follows:
“3. A deputy sheriff who has obtained custody of property by bulk attachment, becomes responsible for such property in exactly the same manner as if he were in actual possession of such property.
4. It is the duty of a deputy sheriff who has attached property under a writ to prevent any interference with such property by any improper person, and his failure to exercise proper care in the performance of such duty, which results in damage to third persons, render him liable therefor in tort to the person aggrieved.”
They were both granted.
The fifth request was “Upon the law and the evidence a finding should be made for the plaintiff”. This request was denied as being a general one and not conforming to the- Eules of the Court.
The Court then found the following facts:
“The Court specially finds that the defendant did not place the diner on the plaintiff’s premises or agree to pay him rent for the space occupied by the diner; *523 that there was no contract express or implied, for the payment of rent which would create the relation of landlord and tenant between the plaintiff and the defendant; and that the plaintiff did not, in writing, request the defendant to remove the diner from his premises, and, therefore cannot recover for the period of the occupancy for want of the notice required by G. L., Ch. 223, §49.”
And found for the defendant.
The plaintiff claiming to be aggrieved by the findings and refusals to rule, the case is before us upon a report claimed by him.
As has already been indicated, the declaration sounds both in contract and in tort. So far as the report and statement of the evidence and the decision by the Trial Court are concerned, it appears to have been tried as an action of contract. It further appears that the Trial Court refused to allow the plaintiff to recover for the period of the occupancy for want of the notice required by G. L., Ch. 223, §49. This section provides as follows:
“Personal property which has been attached may subject to the preceding section be kept on the premises where it is found unless the owner or occupant of the premises in writing requests the officer to remove his keeper therefrom; and if the defendant in writing requests the officer to allow the property of the defendant to remain there until he may give bond to dissolve the attachment the property shall not be removed until he has had reasonable opportunity to give such bond.”
The substance of this section first appeared in our statutory law in Ch. 272, §3 of the Acts of 1878. An inspection of the statutory provisions prior to the enactment of said chapter 272 and a study of the decisions indicate that prior to the effective date thereof an attaching officer had no right to make use of the property of one person to keep goods attached on a writ against *524 another for ,a longer time than was reasonably necessary to remove them.
The cases of
Rowley vs. Rice, 11 Met. 337, where the Court held that a mortgagee or pawnee of goods in a store who has taken possession of the store and goods with the consent of the mortgagor or pawnor cannot maintain an áction of trespass against an officer for entering the store for the purpose of attaching the goods at the suit of a creditor of the mortgagor or pawnor unless the officer keeps possession of the store for an unreasonable length of time so as to make himself a trespasser ab mitio.
Williams vs. Powell, 101 Mass. 467, where it was held that an officer attaching the desk and law books of an attorney delayed for an unreasonable time the removal of the chattels, abused his authority and became a trespasser.
Davis vs. Stone, 120 Mass. 228, where it was held as a matter of law that an officer after attaching furniture in a dwelling house and placing a keeper over it neglected to remove it or take any steps toward such removal for seven hours in the middle of the day delayed for an unreasonable time to remove the chattels and became a trespasser; are in point.
The effect of chapter 272 of the Acts of 1878 upon the then existing law and as to the instant action must be determined by an analysis of the language therein used. It appears from an inspection of the same in the published volume of the Acts of 1878 that the entire chapter was captioned “An Act regulating the fees of officers making an attachment of personal property”.
Section 1 authorized the appointment of a keeper and the charging in the costs of service the sum paid to such keeper.
Section 2 required any officer who placed a keeper in charge of personal property attached by him upon the *525 written request of the defendant to remove said property or the keeper without unreasonable delay.
Section 3 is of the tenor following:
“Personal property which has been attached may, subject to the preceding section, be kept on the premises where it is found unless the owner or occupant of the premises in writing requests the officer to remove his keeper therefrom.”
It seems clear that this section taken in conjunction with the remaining sections of the Act was not intended to nor does it apply to the situation in the instant action. It is particularly important to note that the permissive keeping of the attached property applies only to the premises on which it is found. In the instant action the diner was not kept on the property upon which it was found but on property to which it had been moved. Moreover there is nothing in the report to indicate whether a keeper had been appointed or not.
Without attempting to decide the question, it may be that the plaintiff has a cause of action under the decisions heretofore cited as well as that in Malcom vs. Spoor, 12 Met. 279.
There is another aspect of the case which may well be considered. According to the report the attachment made by the defendant was an attachment in bulk. Presumably this attachment was made under the provisions of G. L., Ch. 223, §50. Under this statute the attaching officer does not keep possession but files a certificate of his attachment with the town or city clerk where the attachment has been made. The provisions of section 49 of chapter 223 would seem to have no application to the attachment of bulky goods under section 50 which follows it and is entirely disconnected with the ordinary attachment of personal property.
*526 Holding as we must that the Trial Judge erred in his failure to give the first and second requests, and the basing of his decision upon the provisions of G. L., Ch. 223, §49, it is unnecessary for us to consider any further questions of law.
For the reasons hereinbefore stated, we deem it necessary to send the case back to the Court of origin for retrial. The finding may have been right but we are unable on the report so to determine. Kaufman vs. Sydeman, 251 Mass. 210, 217.
The order must be “Prejudicial error found; case remanded to the Trial Court for a new trial.”