BENJAMIN P. MOORE *vs.* MAURICE CURRY.

One to whom the owner of a vessel has bargained and sold, but not conveyed, a part of her, and who has partly paid for it, under an agreement that he shall be employed as her master, and a portion of his wages, and of his interest as part owner in her earnings, be applied to pay the balance, may maintain an action at law against such owner for wrongfully discharging him from the employment; although there were others equitably interested in the vessel at the time of the agreement.

CHAPMAN, C. J. In this action of contract, the plaintiff alleges, in his special count, that in May 1867 he and the defendant made a contract by which the defendant, being the owner of the barque R. B. Walker, sold one eighth of her to the plaintiff for the sum of $964.38, towards which he then paid $400; that he was to be master of the barque, on the terms stated in the count; that a portion of his stipulated wages, and also of the earnings of his eighth part, were to be applied towards the payment of the balance of the purchase money; and that the defendant did accordingly employ him for one voyage to Aspinwall, and there wrongfully discharged him, and refused to employ him further. He offered to prove these allegations, in substance; except that the title to the one eighth was not legally transferred to him. The writ is dated February 6, 1868. The presiding justice in the superior court ruled that upon this offer of evidence the action could not be maintained, and by consent of the parties reported the case to this court before verdict.

The defendants contend that the action cannot be maintained, because the parties became copartners. If we assume that they were such in respect to the earnings of the voyage that was made, yet it is clear from the statement of the case that they were not such in respect to this contract. The damages for the breach of it could not be recovered in a suit in equity. They are damages for excluding the plaintiff from the employment which it was agreed he should have.

They further contend that the contract for the employment of the plaintiff as master was void, as against public policy; and that it was at least not binding on the other part owners of the vessel. Before the contract was made, the defendant had agreed

with Robert Miller and Thomas H. Haskell to sell to each of them one eighth of the vessel, and they were equitably and really interested in her to that amount, and shared with him in the losses and profits. But he kept the title till December 1868, when he transferred one eighth of it to Charles H. Folsom ; and in February 1869 he transferred one eighth to Miller and the remaining three fourths to Ferdinand Welch. There were no part owners, therefore, when the contract was made, or at any time before the commencement of this action, who had a legal right to object to it ; and even if there had been such part owners, the defendant would still be liable on his contract, and we know of no principle of public policy which was affected by the contract.

Certain matters of account in respect to the dealings of the parties were sent to an auditor, who has made a report, which is in the case. But the question of damages for the alleged breach of the contract is still unsettled ; and this part of the case should be submitted to a jury. *Case to stand for trial.*

*T. H. Russell*, for the plaintiff.

*J. B. Richardson*, for the defendant.