BENJAMIN P. MOORE *vs.* MAURICE CURRY.

One to whom the owner of a vessel has bargained and sold, but not conveyed, a part of it, and who has partly paid for it, under an agreement that he shall be employed as its master, and pay the balance out of his wages, may rescind the contract and recover back the money paid, upon the owner's wrongfully discharging him from his employment and taking possession of the vessel.

CHAPMAN, C. J. After the decision in this case, as reported in 106 Mass. 409, the plaintiff filed a new count for money paid by the plaintiff in payment towards the one eighth of the bark which the defendant had agreed to sell him. The special count was also amended. An amended answer was filed, and the case was tried without a jury. One of the stipulations of the contract was that the plaintiff was to be the master of the bark, and to pay the balance out of his wages. The judge found that the contract was broken by the defendant in discharging the plaintiff from the command of the ship before any reasonable time had elapsed for the full performance of it by the plaintiff, and that the defendant had failed to show any reasonable cause for such discharge. He also ruled that the plaintiff had a right to rescind this contract by reason of the wrongful act of the defendant, and was entitled to recover back the sum of money, namely, the $400, with interest from the date of the writ, which he had paid to the defendant as a consideration for the contract. This ruling was correct. By retaining the title to the bark, and resuming the possession and control of her, the defendant is put in the same situation as before the contract, and this gives the plaintiff an obvious right to recover back the money he has paid. Chit. Con. 674, and cases cited by the plaintiff. *Exceptions overruled.*

*L. S. Dabney*, for the defendant.

*C. T. Russell*, for the plaintiff, cited *Goodrich* v. *Lafflin*, 1 Pick. 57; *Hill* v. *Green*, 4 Pick. 114; *Adams* v. *Boston Iron Co.* 10 Gray, 495; *Keys* v. *Harwood*, 2 C. B. 905; *Planché* v. *Colburn*, 8 Bing. 14; *Dubois* v. *Delaware & Hudson Canal Co.* 4 Wend. 285; *Withers* v. *Reynolds*, 2 B. & Ad. 882; *Cutter* v. *Powell*, 2 Smith's Lead. Cas. 20, note: *Raymond* v. *Bearnard*, 12 Johns. 274.