JAMES A. MARTIN & another *vs.* JAMES CUNNINGHAM, SON AND COMPANY.

Suffolk.   October 16, 1918. — November 25, 1918.

Present: RUGG, C. J., BRALEY, DE COURCY, CROSBY, & PIERCE, JJ.

*Contract,* Implied in law, Rescission, Construction.

An order in writing for the purchase of a motor hearse provided in the clause relating to the mode of payment as follows: "A payment of Two Hundred & Fifty dollars accompanies this order, which is to be returned only if the order is not accepted. Two Hundred & Fifty Dollars in 30 Days. $500.00 dollars to be paid on arrival of said vehicle . . . and the balance in equal monthly notes of $150 each . . . with 6 per cent interest from date of arrival." The order was accepted by the seller. The buyer made the first two payments of $250 each, but the seller failed to deliver the motor hearse within the time required by the contract, whereupon the buyer rescinded the contract, cancelling his order and demanding back the $500 paid by him. In an action by the buyer against the seller to recover this sum, the defendant contended that the plaintiff was entitled to recover only $250, the $250 first paid having been forfeited under the terms of the contract. *Held,* that the contract was not susceptible of the construction contended for by the defendant, the meaning of the provision being that, if the order was not accepted, the money paid in advance would be refunded, but that, if the order was accepted and the buyer became bound to pay the stipulated price, the payment of $250 would be credited, leaving a balance, as stated, to be paid in cash and notes; and that the plaintiff was entitled to recover the whole amount of $500 paid by him, the consideration for which had failed.

CONTRACT for $500 paid by the plaintiffs under a contract in writing for the purchase of a motor hearse. Writ in the Municipal Court of the City of Boston dated February 6, 1918.

The declaration was in two counts; the first count being for money had and received to the use of the plaintiffs, and the second count alleging that the plaintiffs and the defendant entered into a written contract, a copy of which was annexed to the declaration, for the purchase of a motor hearse; that the plaintiffs paid the defendant $500 pursuant to the contract, but that the defendant did not deliver the hearse within the time contemplated by the contract; wherefore the plaintiffs repudiated and cancelled the contract and demanded the return of the $500.

The answer as amended contained a general denial and an allegation that the delay in delivery was due to a cause unavoidable or beyond the control of the defendant.

The contract, of which a copy was annexed to the declaration, was as follows:

"James Cunningham, Son & Co.

"May 3rd, 1917

"Please Ship to James A. Martin & Son as near the First day of August, 1917, as practicable, the following described Staight Motor Hearse for which we agree to pay the sum of $4250 dollars and the freight thereon from Rochester, N. Y., as follows:

"A payment of Two Hundred & Fifty dollars accompanies this order, which is to be returned only if the order is not accepted. Two Hundred & Fifty Dollars in 30 Days. $500.00 dollars to be paid on arrival of said vehicle at Portland, Maine. James A. Martin & Son, and the balance in equal monthly notes of $150 dollars each, payable at the Portland National Bank, with 6 per cent interest from date of arrival.

"We also agree to give as security for said notes a mortgage or trust deed on said vehicle, in the standard form used by you, for the sum of $3250 dollars and we also agree to keep the said vehicle insured against loss by fire, theft and collision and pay the premiums thereon until the last payment becomes due, said policy of insurance to be issued in our name, with loss, if any, payable to James Cunningham, Son & Co., as its interest may appear.

"Standard Warranty.

"We warrant the motor vehicles sold by us for ninety days after

the date of delivery, this warrant being limited to the furnishing at our factory of such parts of the motor vehicle as shall, under normal use and service, appear to us to have been defective in material or workmanship.

"This warranty is limited to the shipment to the purchaser, without charge except for transportation, of the part or parts intended to replace the part or parts claimed to have been defective and which, upon their return to the factory for inspection, all transportation charges prepaid, we shall have determined were defective.

"No warranty whatever in respect to tires, rims, radiators, coils or batteries is made.

"The condition of this warranty is such that if the motor vehicle to which it applies is altered, or repaired, without written authority from the factory or its branches, manufacturer's liability under this warranty shall cease.

"The purchaser understands and agrees that no warranty of the motor vehicle is made, or authorized to be made, by the Company, other than that hereinabove set forth.

"We hereby agree to purchase said vehicle on the terms and conditions above stated, and it is expressly agreed and understood in case this order is accepted, that the above contains the entire agreement in regard to and with reference to the sale and purchase of said vehicle.

"Strikes and other delays unavoidable, or beyond your control will relieve you from prompt fulfillment of this order. All verbal agreements are contained in this order and purchaser acknowledges receipt of the copy of this order."

Here followed specifications for the hearse and the signatures of the parties.

At the trial in the Municipal Court the following facts appeared: The first payment of $250 accompanied the order as required by the contract, and the second payment of $250 was made by the plaintiffs in proper course. The order was accepted by the defendant, and work was begun under it, but the motor hearse was not shipped to the plaintiffs on August 1, and had not been shipped to them by October 2, 1917. On that date the plaintiffs wrote to the defendant cancelling the order. Considerable correspondence between the parties followed, and on October 17, 1917, an attor-

ney wrote to the defendant on behalf of the plaintiffs, demanding the return of the $500 paid by them under the contract.

The defendant introduced evidence that the motor hearse was finally completed the latter part of October, 1917, but the first intimation that it was ready for shipment was received by the plaintiffs in a letter from the defendant dated November 17, 1917. The motor hearse finally was sold by the defendant after notice to the plaintiffs at a price $250 less than the contract price.

Under the clause in the contract providing that "strikes and other delays unavoidable or beyond your control will relieve you from the prompt fulfillment of this order," the defendant introduced evidence tending to show that the delay was caused, in the first place, because the motor required a particular kind of transmission, which was only made by a certain gear company, an independent contractor, that this company did not deliver transmissions as agreed, but was several months behind in its deliveries; that the particular type of transmission could not be obtained elsewhere, and that a different kind of make could not be used without altering the engine and rebuilding the entire hood of the car, entirely changing its appearance and causing more delay; and, in the second place, because of illness in the family of the body builder working upon this order which kept him from work about four weeks, and because it was impossible to hire a competent substitute in his place.

At the close of the evidence, the defendant asked the judge to make the following rulings of law:

"1. On all the evidence, the plaintiffs are not entitled to recover.

"2. If the delay in delivery of the motor hearse was due to a cause unavoidable or beyond the control of the defendant, the plaintiffs are not entitled to recover.

"3. By the terms of the contract, the defendant fully performed, if it was ready to deliver the hearse as soon as practicable after August 1 as the delays unavoidable or beyond its control would permit.

"4. The plaintiffs in any event are not entitled to recover the first payment of $250, which by the terms of the contract was to be returned only if the order was not accepted, the order having been accepted and the hearse having been built."

Upon these rulings, the judge made the following memorandum:

"1st and 4th refused, 2d and 3d allowed as academic questions, but I do not find facts premised in the requests."

Thereupon the judge found for the plaintiffs in the sum of $500 with interest from October 17, 1917, and, at the request of the defendant, reported the case to the Appellate Division.

The Appellate Division ordered the clerk to make the following entry: "Finding for the plaintiffs for $250 and interest thereon from October 17, 1917." The plaintiffs appealed.

*A. D. Welch* of Maine, (*G. F. James* with him,) for the plaintiffs.

*L. C. Doyle,* for the defendant.

BRALEY, J. The evidence is not reported and, the questions of fact on which the first, second and third requests are predicated having been decided adversely to the defendant, nothing remained but the assessment of damages, the measure of which as presented by the fourth request is the only question raised on the record.

The plaintiffs having advanced $500, which is the amount awarded by the trial judge, contend, that the decision of the Appellate Division, that only $250 could be recovered, should be reversed. The defendant is the vendor, and, because of its material failure in performance, the plaintiffs, in whom title to the motor hearse never vested, had the right to rescind. *Ballou* v. *Billings,* 136 Mass. 307, *Earnshaw* v. *Whittemore,* 194 Mass. 187, 192, and cases cited. And the consideration having entirely failed, they are entitled to recover back the money paid on account of the contract price. *Moore* v. *Curry,* 112 Mass. 13. *Graham* v. *Hatch Storage Battery Co.* 186 Mass. 226, 230. *Pope* v. *Allis,* 115 U. S. 363. The clause relating to the price and mode of payment reads as follows: "A payment of Two Hundred & Fifty dollars accompanies this order, which is to be returned only if the order is not accepted. Two Hundred & Fifty Dollars in 30 Days. $500.00 dollars to be paid on arrival of said vehicle . . . and the balance in equal monthly notes of $150 each . . . with 6 per cent interest from date of arrival."

It is urged by the defendant that the purpose of the preliminary payment was to guarantee this amount if the order after acceptance was subsequently cancelled by the plaintiffs. But the contract, the printed form of which in blank was furnished by the defendant, is not so worded, and the plaintiffs are not shown to have been in default. The whole clause means, If your order is not accepted

the money will be refunded, but if it is accepted you become bound to pay the stipulated price, and the money will be credited, leaving a balance, the amount of which is stated, to be paid in cash and notes. *Griggs* v. *Moors,* 168 Mass. 354, 360. The defendant having accepted the offer or proposal thereupon entered on the performance of a contract under which the amount in dispute was to be applied in part payment of the entire price. *Bishop* v. *Eaton,* 161 Mass. 496, 499. *Lennox* v. *Murphy,* 171 Mass. 370, 373. If the payment is treated as in the nature of liquidated damages for anticipated non-performance, the answer is that the plaintiffs have fully performed the agreement. If upon acceptance it is treated as in the nature of a forfeiture, they must be deemed to have intended to make a gift of the amount to the defendant. The plaintiffs moreover, who have acted in good faith, instead of being made whole will lose one half of their money, while the defendant, although cast in damages, obtains an equivalent pecuniary benefit or enrichment; a result not to be reached unless the express wording of the instrument admits of no other construction.

The defendant also cites *International Text Book Co.* v. *Martin,* 221 Mass. 1, as decisive that this provision is to be deemed an independent covenant. But in that case the agreement expressly provided that when accepted it should not be subject to cancellation, and that in no event would the plaintiff, who had never made default, be required to refund any part of the money paid for the scholarship which he agreed and was ready to furnish.

We are of opinion for the reasons stated, that the decision of the Appellate Division should be reversed, and the report of the trial judge should be dismissed.

*So ordered.*