MORRIS COHEN *vs.* ISADORE WINTMAN.

Suffolk.    October 19, 1920. — November 24, 1920.

Present: RUGG, C. J., DE COURCY, CROSBY, CARROLL, & JENNEY, JJ.

*Contract*, Implied, Performance and breach.

One, who in June, 1917, delivered $426 to another in consideration of his agreement to transmit it to a bank in Russia and to procure therewith a bank book for two thousand rubles, which book was to be delivered to the depositor of the money upon his paying therefor $56 more, may maintain against the person who thus received the money, upon an unjustifiable failure on his part to perform any part of the agreement, an action of contract for money had and received to recover the $426 so paid with interest, his remedy not being restricted to an action for breach of the agreement nor his damages limited to the value of two thousand rubles at the time when the bank book should have been delivered to the depositor.

CONTRACT for $500, money had and received by the defendant to the plaintiff's use according to an account annexed which contained one item only, " Cash money delivered to you $500." Writ dated July 10, 1918.

In the Superior Court the action was tried before *Morton*, J. Material evidence is described in the opinion. At the close of the evidence, the defendant moved that a verdict be ordered in his favor, and also requested that the jury be instructed that "upon all the evidence the verdict should be for the defendant and that there was no evidence from which the jury could determine the value of a bank book for two thousand rubles on a Russian bank book in money of the United States at the time it should have been delivered to the plaintiff." The motion was denied and the request refused. The jury found for the plaintiff in the sum of $465.82; and the defendant alleged exceptions.

The case was submitted on briefs.

*S. R. Cutler, H. W. James & G. E. Gordon,* for the defendant.

*S. L. Bailen & F. Leveroni,* for the plaintiff.

JENNEY, J. The evidence was amply sufficient to justify a finding by the jury that in June, 1917, the plaintiff paid to the defendant $426, in consideration of his agreement to transmit

the amount to a bank in Petrograd, Russia, and to procure therewith a bank book for two thousand rubles, which was to be delivered to the plaintiff, who on its receipt was to pay the defendant $56 more. No time being stated in the agreement, it was the duty of the defendant to perform his obligation within a reasonable time. The evidence also warranted a finding that the defendant never transmitted any of the money so received, although he testified to the contrary, and that he unjustifiably failed to perform any part of the contract. No bank book was ever delivered to the plaintiff, who waited "a great many months" before instituting this action on July 10, 1918.

At the close of the evidence, the defendant duly moved that a verdict be ordered in his favor, and also requested the trial judge to instruct the jury that "upon all the evidence the verdict should be for the defendant." He excepted to the denial of his motion and to the refusal of his request. The case was submitted to the jury, who found for the plaintiff.

The exceptions must be overruled. A wrongful and entire failure by the defendant to perform the contract authorized its rescission by the plaintiff, and entitled him to recover the amount paid, upon a count for money had and received. The plaintiff was not bound to affirm the contract by an action for damages suffered by reason of the defendant's non-performance. *Brown* v. *Harris,* 2 Gray, 359. *Minturn* v. *Warren Ins. Co.* 2 Allen, 86, 89. *Ballou* v. *Billings,* 136 Mass. 307. *R. H. White Co.* v. *Remick & Co.* 198 Mass. 41, 47. *Runkle* v. *Burrage,* 202 Mass. 89, 99. *Martin* v. *James Cunningham, Son & Co.* 231 Mass. 280.

*Exceptions overruled.*