## HUGH ORR *vs.* LYDIA E. KEITH.

Suffolk.   March 12, 1923. — May 22, 1923.

Present: RUGG, C.J., BRALEY, DECOURCY, CROSBY, & PIERCE, JJ.

*Sale.   Contract,* Performance and breach.   *Corporation,* Officers and agents.
  *Estoppel.   Practice, Civil,* Appeal from Municipal Court.   *Municipal
  Court of the City of Boston.*

Where a purchaser of shares of the capital stock of a corporation from a share-
    holder pays for the shares in advance and the seller's representative in
    the transaction states that the corporation " was out of certificates and was
    having a new book of certificates printed " and there is no time set by the
    purchaser and the seller for delivery of the certificate, it becomes the seller's
    duty to perform his contract of sale within a reasonable time, at least to
    the extent of becoming able to deliver the stock and giving the purchaser
    such notice that he could accept delivery.
Where, in an action by the purchaser for the amount which he had paid to
    the seller for the shares of stock in the circumstances above described, it
    appears that there was no delivery of the shares during six months after
    the payment of the money to the defendant, when the action was begun,
    a ruling requested by the plaintiff, in substance that there was no delivery
    to the plaintiff, is material and should be given.
Delivery more than three months after the payment of the purchase money,
    in the circumstances above described, of a certificate of stock not on a
    regular form but typewritten on a common blank form, signed on the date
    of delivery but dated as of the date of the payment by the plaintiff, and
    executed by persons who at the time of the payment by the plaintiff were,
    but at the time of signature and delivery were not officers of the corpora-
    tion, in the absence of evidence that its execution and delivery were ratified
    by officers of the corporation authorized so to do, would not be a delivery
    completing the sale.
A report by a judge of the Municipal Court of the City of Boston to the Appel-
    late Division, in an action for the recovery of the purchase price for shares
    of stock which had not been delivered, contained a recital of evidence, a
    statement of requests by the plaintiff for rulings which were refused, and a
    general finding for the plaintiff.   There was no special finding of facts and
    no reason given for the refusal to grant the rulings.   If the judge found that
    there was a contract of purchase of shares, the rulings requested should
    have been given.   If he found that there was no such contract but merely
    an authorization to issue stock to the alleged purchaser from shares stand-
    ing in the name of the defendant, the rulings were immaterial.   *Held,*
    that, the record not disclosing what the judge found, the rulings may have
    been refused on a wrong theory of the law applicable to the facts, so that
    a new trial should be granted.

CONTRACT for $250 alleged to have been owed by the defendant to one Fred A. Sweetland by reason of a failure to deliver to him shares of stock for which that sum was paid, Sweetland's claim having been assigned to the plaintiff. Writ in the Municipal Court of the City of Boston dated January 19, 1922.

Proceedings in the Municipal Court are described in the opinion. The judge found for the defendant, and at his request reported the action to the Appellate Division. The report contained a statement of evidence before the trial judge, a statement of the plaintiff's requests for rulings and of their refusal, and a general finding for the defendant. There was no finding of specific facts.

The Appellate Division ordered the report dismissed. The plaintiff appealed.

The case was submitted on briefs.

*E. H. Hadley & I. A. Hadley,* for the plaintiff.

*O. Storer,* for the defendant.

CROSBY, J. This is an action of contract to recover $250 paid by Fred A. Sweetland to the defendant for two hundred and fifty shares of the Friendswood Texas Oil Company, the claim and account having been duly assigned by Sweetland to the plaintiff. It is the contention of the plaintiff that the defendant agreed to sell and deliver the stock for the price paid, that she has failed to do so, and that he is entitled to recover the consideration so paid.

There was evidence that the defendant had known one Tutin, a stock salesman of the company, for many years and had previously purchased through him five thousand shares of stock in the company, which she still owns; that she also loaned the company $1,000 upon its note; that afterwards she agreed with it to take one thousand shares more in payment of her note and surrendered the note to Tutin; subsequently she orally " authorized the company through Tutin to transfer said two hundred and fifty shares out of said one thousand shares to Sweetland," the plaintiff's assignor. Sweetland's agreement to purchase the stock was made through the intervention of the plaintiff, who saw Tutin in July, 1921, and gave him his own check for

$250, the price of the stock. No certificate was then delivered, Tutin stating that the company was out of certificates and was having a new book printed. The check was forwarded by Tutin to the defendant, who indorsed it in blank and returned it to him. He testified that she later received the proceeds; this she denied. She testified that she did not receive the certificate for one thousand shares or any part thereof, but was told by Tutin that he had delivered two hundred and fifty shares to Sweetland. On October 14, 1921, the plaintiff wrote to the defendant setting out the failure to deliver and demanding the return of his payment of $250. On November 1, 1921, he confirmed the preceding letter by another written after he had become assignee (on October 18, 1921) of Sweetland's right to the stock. In a letter dated November 2, 1921, he corrected a typographical error in his last communication. These three letters the defendant received " but considered them of no importance and destroyed them."

On November 2, 1921, Tutin mailed to Sweetland a cerficate for two hundred and fifty shares of stock in the company. The certificate was not on the regular printed form of the company; it was typewritten on a common blank form and was signed on November 2, 1921, but under date of July 30, 1921, by persons who in July, but not on November 2, were holders of the offices of president and treasurer of the corporation. This certificate was ultimately delivered to the plaintiff and was produced by him at the trial; neither he nor Sweetland ever offered to return it or made any objection to it. It does not appear when the plaintiff learned that it was signed by persons who were not officers when they so signed. The declaration in this action was filed on February 4, 1922.

All the testimony as to terms of the contract is found in the following quotations from the report. The defendant testified " that just before she left for Onset in July, 1921, she had a talk with Tutin and authorized him to sell two hundred and fifty shares of her stock in said company." Tutin testified " that the plaintiff was disappointed and he then informed him that the defendant was going to take one

thousand shares of the company's stock in settlement of her loan of $1,000 and that he thought she would sell two hundred and fifty shares out of that stock at $1.00 per share; that the plaintiff said he would buy two hundred and fifty shares of the defendant's stock for his brother-in-law, and made out and delivered to him the check hereinbefore referred to; that he informed the plaintiff that the company was out of certificates and was having a new book of certificates printed." The plaintiff testified that " then Tutin said he could get Mrs. Keith to sell two hundred and fifty shares of the stock coming to her to Sweetland, since she had agreed to take one thousand shares of the company's stock in settlement of her $1,000 note, and he would see her in regard to such sale; and could have her one thousand shares split up."

The judge of the Municipal Court found for the defendant and reported the case, after refusing the following requests by the plaintiff for rulings:

" 1. That upon all the evidence and as a matter of law the defendant Lydia E. Keith has not transferred and delivered any title to a certificate, and to the shares represented thereby, of any stock of the Friendswood Texas Oil Company, and which she agreed to transfer and deliver to Fred A. Sweetland, or the plaintiff, who is the assignee of said Fred A. Sweetland.

" 2. That upon all the evidence and as a matter of law, the defendant Lydia E. Keith, has not transferred and delivered any title to a certificate, and to the shares represented thereby, being specifically, two hundred and fifty shares of the stock of the Friendswood Texas Oil Company owned by her, and which she agreed to transfer and deliver to Fred A. Sweetland, or the plaintiff, who is the assignee of said Fred A. Sweetland.

" 3. That upon all the evidence and as a matter of law the plaintiff is entitled to recover."

No question of pleading is before us on these requests. *Barry* v. *Woodbury*, 205 Mass. 592. *Norris* v. *Allen*, 217 Mass. 573.

The question as to the nature of the defendant's obligation under the contract is, whether she agreed to sell and

deliver the stock, or merely agreed to assign her rights under her contract with the company to two hundred and fifty shares out of the one thousand shares. This was a question of fact to be determined by the trial judge. *Gassett* v. *Glazier,* 165 Mass. 473. *Waldstein* v. *Dooskin,* 220 Mass. 232. While this distinction does not expressly appear upon the record to have been contested, yet it was a necessary issue by reason of the plaintiff's first and second requests for rulings; and if the contract was to sell and deliver the stock, the failure to give these requests was reversible error.

The plaintiff paid the consideration in advance and nothing remained to be done by him except to accept the stock if properly tendered. G. L. c. 106, §§ 30, 31. While it does not affirmatively appear when the defendant was required to deliver the stock to the plaintiff, G. L. c. 106, § 32, the general principle that, when no time for performance is set, the duty is to perform within a reasonable time, *Cohen* v. *Wintman,* 236 Mass. 471, Williston on Sales, § 451, is applicable; and under the circumstances of the present case, which include payment in advance and the reasons given by Tutin for not making delivery on the date of payment, it was the defendant's duty to perform within a reasonable time, at least to the extent of becoming able to deliver the stock, and giving the purchaser such notice that he could accept delivery. See Williston on Sales, § 447; compare *Spooner* v. *Baxter,* 16 Pick. 409; *National Coal Tar Co.* v. *Malden & Melrose Gas Light Co.* 189 Mass. 234.

Although what is a reasonable time is ordinarily a question of fact, it may be dealt with by the court as a question of law, when there is no room for dispute. *Gilmore* v. *Wilbur,* 12 Pick. 120. *Loring* v. *Boston,* 7 Met. 409, 413. *Lewis* v. *Worrell,* 185 Mass. 572, 575.

If the contract was to sell and deliver property so fluctuating in value as shares of stock, the period of six months from July, 1921, to the beginning of the year 1922 was an unreasonable time for performance; and as the only evidence of an attempted delivery within this period was the sending of the certificate on November 2, the materiality of the first and second requests is obvious.

The certificate so sent was in no sense performance of the obligation to sell and deliver stock of the company. There was no evidence indicating an estoppel of the company to deny its invalidity. Tutin was not an officer of the corporation, and no authority in him to bind it in this way is shown. There is no evidence that any officer of the corporation at any time ratified the issuance of the certificate. The signatures or acts of persons once officers but afterwards strangers to the corporation cannot work an estoppel of it.

If the contract made by the defendant was to sell and deliver the stock, there was a total failure of consideration; and the plaintiff can recover the amount paid and he is not " bound to affirm the contract by an action for damages." *Cohen* v. *Wintman, supra. Merriam* v. *Wolcott,* 3 Allen, 258. The first and second requests would therefore be, in this aspect of the case, material; and the refusal to give them was erroneous, and prejudicial to the plaintiff.

In the case at bar, requests for rulings of law, which in a jury trial would be in the nature of instructions, were wrongly refused and were material to the case if the contract of the defendant was for a sale and delivery of the stock. It cannot be said, as matter of law, upon the evidence, that the defendant's contract was merely to authorize the corporation to issue the stock to Sweetland or to the plaintiff; and it is impossible to determine whether the court so found or not, as it did not refuse the rulings as immaterial, and may have considered them material but erroneous, and believed the certificate to be valid against the corporation on the ground of estoppel.

If the contract was found to be for sale and delivery, the plaintiff would be entitled to recover as matter of law; if, however, the contract was only to authorize the company to issue the stock to Sweetland or the plaintiff, a finding for the defendant is warranted.

A majority of the court are of opinion, for the reasons stated, that the order of the Appellate Division dismissing the report should be reversed, and a new trial granted.

*So ordered.*