# DECISIONS

OF THE

# SUPREME JUDICIAL COURT

OF

## MASSACHUSETTS

---

HARRY H. MARKUS *vs.* BOSTON EDISON COMPANY.

Suffolk.   April 4, 1944. — September 13, 1944.

Present: FIELD, C.J., LUMMUS, QUA, DOLAN, & WILKINS, JJ.

*Contract*, Annuity contract, Construction, Of employment.   *Proximate Cause.   Practice, Civil*, Case stated, Agreed statement of facts, Question of law or fact.   *Evidence*, Admissions and confessions.   *Pleading, Civil*, Answer.   *Law of the Trial.*   Words, "Appreciable," "Continuous absence."

An "agreed statement of facts," filed in an action in which by stipulation a jury heard evidence and determined one issue of fact and thereafter a judge without a jury heard evidence and determined other issues of fact, did not constitute a case stated.

Respecting a contract between an employer and an employee providing for certain annuity payments to the employee if discharged "for any reason not . . . [his] fault" and defining "fault" as "continuous absence from duty without leave when not caused by illness or other similar disability," confinement of the employee in the house of correction was a concurrent and independent cause of his absence from duty within the definition of fault, notwithstanding that shortly before his indictment on the criminal charge he had suffered a disabling physical injury which, even if he had not been confined to the house of correction, would have resulted in his absence from duty for a period longer than the period of his confinement therein; and his absence because of such confinement, if "continuous," would prevent recovery of the annuity payments after discharge therefor.

A defendant was bound by an admission in his answer in an action that the plaintiff, a former employee of the defendant, "continued in the employ of the defendant until May 21 . . . when he was discharged," and a finding that the plaintiff was discharged on May 21 was proper,

notwithstanding that it appeared from an agreed statement of facts, not constituting a case stated, that "on May 27 . . . the plaintiff was discharged . . . as of May 21 . . . by a letter."

An instruction given to the jury without objection, that the words "continuously absent" in a written contract involved in the case mean "absence for an appreciable length of time," became the law of the trial.

There was "continuous" absence of an employee from duty without leave within the meaning of a provision of a "service annuity contract" respecting discharge for "fault" where the employee was discharged the next day after he began to serve a one-year sentence in the house of correction, whether "continuous" absence meant "absence for an appreciable length of time," as the trial judge instructed the jury without objection, or absence without interruption over a consecutive period for more than a reasonable time, which was this court's interpretation.

What is a reasonable time is a question of law where the material facts are undisputed.

CONTRACT. Writ in the Superior Court dated December 19, 1940.

The trial judge was *Goldberg*, J.

*W. R. Cook*, (*F. B. Frederick* with him,) for the defendant.
*J. Schneider*, (*J. Reilly* with him,) for the plaintiff.

WILKINS, J. The plaintiff, a former employee of the defendant, sues for breach of a so called service annuity contract. The contract, dated July 3, 1936, after reciting that the plaintiff was at least fifty years of age, had completed fifteen years of continuous active service, and under the service annuity plan of the defendant, upon attaining the age of sixty-five years, would be entitled to retirement with a service annuity under conditions therein set forth, provided: "2. The Company agrees that if the Employee shall continue in the active service of the Company until he has qualified for a service annuity at his own request under paragraph 1 of said Plan, it will, from and after the retirement of the Employee or from and after his resignation or his discharge and thereafter during his life, pay the Employee a service annuity which shall be no less than that to which he shall then be entitled under the provisions of said Plan in effect on the date hereof. 3. The Company further agrees that if, before . . . retirement . . . he . . . shall be discharged for any reason not the fault of the Em-

ployee, it will, from and after such . . . discharge for a reason not the fault of the Employee, and thereafter during his life, pay the Employee a service annuity which shall be no less than that to which he shall then be entitled under the provisions of said Plan in effect on the date hereof. . . . 'Fault of the Employee' shall mean only gross or habitual insubordination, continuous absence from duty without leave when not caused by illness or other similar disability, or other serious misconduct on the part of the Employee in connection with the Company's work which makes unwise any other action than discharge." The defendant contended that the plaintiff was discharged under circumstances constituting "fault of the employee."

Trial began before a judge and jury. The pleadings were read, and later the parties filed an "agreed statement of facts," which showed the following: The plaintiff entered the employ of the defendant on September 2, 1913, and "continued in its employ until May 21, 1938." On May 9, 1938, the plaintiff was indicted on the charge of conspiring with a certain woman to conceal the death of her new-born illegitimate child. He pleaded not guilty, was tried, and was convicted by a jury. On May 20, 1938, he was sentenced to confinement at hard labor in the house of correction for one year, and on the same day began to serve his sentence. He was so confined until December 23, 1938, when he was paroled. "On May 27, 1938, the plaintiff was discharged from the employ of the defendant as of May 21, 1938, by a letter" addressed to him at the house of correction at East Cambridge. The letter, dated May 27, 1938, read: "You are hereby advised that because of your conviction and sentence in the Middlesex County Superior Court on May 20 last, you are discharged from the employ of this Company as of May 21, 1938, and your name has been removed from the pay roll. For the above reasons your Service Annuity Contract dated July 3, 1936, has been violated and under its terms is therefore, null and void. Regarding disablement benefits — you have been paid for the week ending April 26, 1938. The amount due you from April 27 to the date of your discharge on May 21, 1938, is

accounted for as follows . . .." (Signed) "H. W. Moses Industrial Relations Manager." On March 6, 1938, the plaintiff, when off duty, had received a double fracture of his left leg, which was in a cast on May 20.

The parties then entered into a stipulation which was dictated into the stenographic trial record by the judge. In this it was agreed that evidence should be offered on one issue of fact to be submitted to the jury: "If the plaintiff, Harry H. Markus, had not been confined in the House of Correction, for how long a period of time after May 20, 1938, would he have reasonably been continuously absent from duty because of illness or other similar disability?" This stipulation further provided, "The jury is to return an answer to a question based upon this issue and then to be discharged. Thereafter all other issues of fact are to be determined by the court without a jury and the court, in making its findings, shall, however, be bound by the answer of the jury to the question submitted to it and by the agreed statement of facts." Testimony was taken, and the judge charged the jury on the question submitted to them, to which they answered, "16 months."

Further testimony of the plaintiff before the judge sitting without jury was to the effect that the woman referred to in the indictment was a social acquaintance, whom he met in his hours off work, and their association was wholly unrelated to the plaintiff's employment. The defendant presented requests for rulings, certain of which were denied subject to its exception. The judge found "that the plaintiff was discharged by the defendant on May 21, 1938," and "that the plaintiff was not guilty of any misconduct in connection with the company's work which made unwise any other action than discharge," and made a general finding for the plaintiff.

The defendant appealed, and also filed a bill of exceptions. The "agreed statement of facts" does not contain "all the material ultimate facts on which the rights of the parties are to be determined by the law," and is, therefore, not a case stated, but an agreement as to evidence. *Frati* v. *Jannini*, 226 Mass. 430, 431. *Pequod Realty Corp.* v. *Jeffries*, 314

Mass. 713, 716. *Cerwonka* v. *Saugus*, 316 Mass. 152. It follows that under G. L. (Ter. Ed.) c. 231, § 96, an appeal would lie in this case only from an "order decisive of the case founded upon matter of law apparent on the record." Since the record for the purpose of appeal would not include evidence other than the agreed facts (*Norton* v. *Musterole Co. Inc.* 235 Mass. 587, 590; *Harrington* v. *Anderson,* 316 Mass. 187, 191, 192; or the rulings on the defendant's requests (*Watts* v. *Watts,* 312 Mass. 442, 449; *Pequod Realty Corp.* v. *Jeffries,* 314 Mass. 713, 717; *Harrington* v. *Anderson, supra*), or the judge's findings (*Cressey* v. *Cressey,* 213 Mass. 191; *Powdrell* v. *DuBois,* 274 Mass. 106, 108; *Check* v. *Kaplan,* 280 Mass. 170, 174; *Yoffa* v. *Shaw,* 299 Mass. 516; *Harrington* v. *Anderson, supra*), we dismiss the appeal and consider the exceptions. See *Royal Paper Box Co.* v. *Munro & Church Co.* 284 Mass. 446, 449. Compare *Clement* v. *Selectmen of Westwood,* 316 Mass. 481.

One of the defendant's requests which was denied was that the plaintiff is not entitled to recover. Under the contract the plaintiff must prevail if "discharged for any reason not . . . [his] fault." Fault is defined as embracing any one of three causes. The defendant is limited to those in denying the plaintiff payment of a service annuity. *Redden* v. *Ramsey,* 309 Mass. 225, 228. The first, "gross or habitual insubordination," was expressly waived by the defendant. The third, "other serious misconduct on the part of the Employee in connection with the Company's work which makes unwise any other action than discharge," was negatived by the judge in a finding warranted by the evidence. There was no express finding as to the second cause, "continuous absence from duty without leave when not caused by illness or other similar disability," which the plaintiff contends cannot apply because the defendant did not rely on it in the letter of May 27 discharging the plaintiff. The letter, however, by referring to the conviction and sentence, which necessarily involved absence from duty without leave, sufficiently indicated — if that was necessary (see *Farmer* v. *First Trust Co.* 246 Fed. 671, 673; *In re Nagel,* 278 Fed. 105, 109; *Strauss* v. *Meertief,* 64 Ala. 299, 310; *Allen* v.

*Aylesworth,* 13 Dick. [N. J.] 349, 352; *Thomas* v. *Beaver Dam Manuf. Co.* 157 Wis. 427, 429; but compare *Hughes* v. *Gross,* 166 Mass. 61, 67.) — a reliance on this ground of "fault of the employee." The plaintiff also contends that on May 20, when his jail term began, he was already absent due to a broken leg, and, under the jury's answer, would have continued absent for that reason sixteen months, and hence could not have been absent during that period because of confinement in the house of correction. With this we cannot agree. It stresses too greatly mere words. It would lead to an unjust and unreasonable result, which is to be avoided if possible. See *Clark* v. *State Street Trust Co.* 270 Mass. 140, 153. Another employee in good health who might be similarly sentenced would be absent from duty without leave and lose rights under the contract, whereas the plaintiff because of fortuitous coincidence of his misfortune in breaking a leg would, while thus disabled, be immune from discharge for absence. We are of opinion that illness is not the exclusive cause of absence in a case like the present, and that confinement in the house of correction is a concurrent and independent cause of absence. *Stacy* v. *Williams,* 253 Ky. 353, 369. *Herr* v. *Lebanon,* 149 Penn. St. 222, 226. See *Horne* v. *Meakin,* 115 Mass. 326, 331; *Bohaker* v. *Travelers Ins. Co.* 215 Mass. 32, 35; *Burke* v. *Hodge,* 217 Mass. 182, 184; *Leland* v. *United Commercial Travelers of America,* 233 Mass. 558, 565. Beale, The Proximate Consequences of an Act, 33 Harv. L. Rev. 633, 639. Such confinement, if resulting in "continuous absence," is a "fault of the employee" under the contract.

There remains the plaintiff's contention that at the time of discharge he could not be deemed to be in a state of "continuous absence." On the pleadings the judge was correct in finding "that the plaintiff was discharged by the defendant on May 21, 1938," notwithstanding that the "agreed statement of facts" disclosed that "on May 27, 1938, the plaintiff was discharged from the employ of the defendant as of May 21, 1938, by a letter" quoted in full. Compare *Hollywood* v. *First Parish in Brockton,* 192 Mass. 269, 275; *Ratner* v. *Hill,* 270 Mass. 249, 255. The declara-

tion alleged that "until the 21st day of May, 1938, the plaintiff continued to be in the employ of the defendant." The answer admitted "that the plaintiff continued in the employ of the defendant until May 21, 1938, when he was discharged." The defendant is bound by this admission. *Bancroft* v. *Cook,* 264 Mass. 343, 348. *Harvey* v. *Crooker,* 267 Mass. 279, 283. *Barnes* v. *Springfield,* 268 Mass. 497, 504. *Herman* v. *Fine,* 314 Mass. 67, 69. G. L. (Ter. Ed.) c. 231, §§ 87, 90. The rule is otherwise where there is a case stated. *Nowell* v. *Equitable Trust Co.* 249 Mass. 585, 596. *G. E. Lothrop Theatres Co.* v. *Edison Electric Illuminating Co. of Boston,* 290 Mass. 189, 191. The question then becomes whether on May 21, the day after the commencement of a one year term in the house of correction, the plaintiff should be deemed "continuously" absent as matter of law. We think that he should. See *Harding* v. *State Board of Parole,* 307 Mass. 217, 220. The judge charged the jury without objection that "continuously absent means absence for an appreciable length of time." This ruling became the law of the trial, and with its correctness we need not be concerned. *Button* v. *Crowley,* 284 Mass. 308, 313. *Sluskonis* v. *Boston & Maine Railroad,* 299 Mass. 413, 415. *Arabia* v. *John Hancock Mutual Life Ins. Co.* 301 Mass. 397, 400–401. The judge also granted the defendant's tenth request, which was to the same effect, although, contrary to what we have held above, he erroneously ruled the request to be inapplicable. The word "appreciable" is not a synonym of "substantial," and may be defined as that which is capable of being estimated, weighed, judged of, or recognized by the mind; capable of being perceived or recognized by the senses; perceptible. Obviously, the period from May 20 to May 21 was appreciable, and on the true meaning of the word, the plaintiff had been absent for an appreciable length of time on May 21.

The same result is reached on our own interpretation of the contract. We take the view that "continuous absence" means absence without interruption over a consecutive period for more than a reasonable time. See *Carter* v.

*Carter,* 14 Pick. 424, 428; *Lawton* v. *Fitchburg Railroad,* 8 Cush. 230, 232; *Cohen* v. *Wintman,* 236 Mass. 471, 472; *Orr* v. *Keith,* 245 Mass. 35, 39; *Orebaugh* v. *Badger,* 279 Mass. 54, 59. On undisputed facts what is a reasonable time is a question of law. *Williams* v. *Powell,* 101 Mass. 467, 469. *Lincoln* v. *Croll,* 248 Mass. 232, 233. *Lowry* v. *Commissioner of Agriculture,* 302 Mass. 111, 118. This involves not merely length of the absence, but also, among other things, the occasion therefor, and its probable duration. We think that on May 21 the plaintiff, who had already served one day of a sentence of one year in the house of correction, had been continuously absent for more than a reasonable time.

The defendant's request that on all the evidence the plaintiff is not entitled to recover should have been granted.

*Appeal dismissed.*
*Exceptions sustained.*
*Judgment for the defendant.*