JOSEPH ZALESKI vs. LAURA R. ZALESKI.

Middlesex.    March 3, 1953. — April 3, 1953.

Present: QUA, C.J., WILKINS, SPALDING, WILLIAMS, & COUNIHAN, JJ.

*Fraud. Equity Pleading and Practice*, Decree. *Trust*, Terms of trust.

Findings in a suit in equity, not plainly wrong on reported evidence,
    negatived allegations in the bill that a deed of real estate from the
    plaintiff to the defendant was procured to be executed by fraudulent
    representations of the defendant inducing the plaintiff to believe that
    he was executing a mortgage to finance improvements of the property.
    [133, 134]
In a suit in equity to set aside a deed of real estate as procured by fraud,
    which was negatived by the findings, a provision of the final decree
    enjoining the plaintiff from interfering with the property was within
    the scope of a counterclaim.    [134]
In the circumstances, under a concession that the grantee in an absolute
    deed of real estate nevertheless held title "upon the same terms and
    conditions set forth in" her mother's will as to a trust of the property
    which never came into existence because of a conveyance of the prop-
    erty by the testatrix during her lifetime, provisions of the testamentary
    trust for the support and maintenance of the life beneficiary thereof
    and for gifts of the property over upon his death were applicable, but
    a clause providing that if the trustee named in the will, a son of the
    testatrix, should "personally occupy" the property he should "not
    be chargeable with the payment of rent" was not applicable and did
    not preclude an injunction against "use and occupancy" of the prop-
    erty by the son without the grantee's consent.    [134–135]

BILL IN EQUITY, filed in the Superior Court on Septem-
ber 5, 1950.

The suit was heard by *Morton*, J.

*Francis C. Zacharer*, for the plaintiff.

*Richard K. Donahue*, for the defendant.

SPALDING, J.    The principal objectives of this bill in
equity are to set aside a deed of real estate on the ground
that it was obtained by fraud, and for an accounting of
rents and profits. From a decree favorable to the defendant,
the plaintiff appeals. The case comes here with findings of
material facts and a report of the evidence.

The findings are these. The plaintiff and the defendant are son and daughter respectively of Amelia Zaleski who died on April 21, 1946, leaving a will which has been duly admitted to probate. In 1939 Amelia, who owned a parcel of real estate, conveyed it to the plaintiff by a deed absolute in form, but upon an oral trust that he hold it for the benefit of his brother Henry who was not capable of caring for himself. In her will executed in 1937 Amelia devised the same property to the plaintiff under a somewhat similar trust.[1] "The plaintiff and Henry lived in the homestead alone and got along fairly well for a time." The plaintiff provided food and paid the taxes on the property up to and including 1946. He failed to pay the taxes after 1946 and did not maintain the property in proper condition, allowing the water pipes to be damaged by freezing. Early in 1948 Mr. Garvey, counsel for Amelia's estate and for Laura, visited the property and found that the house was unheated and Henry was in bed in order to keep warm. The plaintiff on that occasion informed Mr. Garvey that he could not take care of the property and desired to turn it over to Laura. In consequence thereof Mr. Garvey prepared a deed conveying the premises to Laura which was executed by the plaintiff on February 11, 1948. The judge found that this transaction was fully explained to the plaintiff by Mr. Garvey and that "there was no misrepresentation with regard to this matter as alleged in the bill."[2]

Shortly after acquiring the property the defendant caused it to be converted into a two family house out of the pro-

---

[1] Under the will the real estate in question together with $500 was given to the plaintiff "in trust nevertheless, for the support and maintenance of my son, Henry . . . . In the event that my trustee shall personally occupy the said real estate, I direct that he shall not be chargeable with the payment of rent, but during the time he shall personally occupy the said real estate, he shall be chargeable with the cost of maintenance of the real estate and with the cost of maintenance and support of my son Henry Zalesky on the separate personal and individual account of the trustee." The will further provided for gifts over of the trust fund upon the death of Henry.

[2] The allegations in the bill were to the effect that the defendant suggested to the plaintiff that alterations be made to the property so that it would produce income; that this be financed by means of a mortgage; that he authorized the defendant to make the necessary arrangements; and that when he executed the deed to the defendant he did so under the belief, induced by representations of the defendant, that he was executing a mortgage.

ceeds of a mortgage, and one of the apartments is now occupied by a tenant who pays rent therefor. The defendant has adequately taken care of the expenses and maintenance of the home and "is the sole owner [of it] as trustee . . . subject to the aforesaid mortgage, [and] . . . holds same under a duty to provide support and maintenance for . . . Henry Zalesky."

There was no error.

1. On the principal issue in the case (fraud in the procurement of the deed) the findings of the judge show that the plaintiff cannot prevail. These findings were not plainly wrong and must stand. *Trade Mutual Liability Ins. Co.* v. *Peters*, 291 Mass. 79, 83–84.

2. The final decree, among other things, enjoined the plaintiff "from interfering with the management and control of the said real estate by the defendant, Laura Zalesky, as trustee, and from the use and occupancy . . . [of it] without the consent . . . of the defendant" (paragraph 3). The plaintiff argues that this provision is beyond the scope of the pleadings. We do not agree. The defendant's answer as amended included a counterclaim in which she alleged that the plaintiff was preventing the defendant from maintaining the property for the benefit of Henry and prayed that the plaintiff be ordered to refrain from such interference.

3. Finally, it is argued that there is an inconsistency between that portion of the decree quoted above and paragraph 1 thereof which provides that the defendant "is the sole owner as trustee of the premises . . . for the benefit of Henry Zalesky, upon the terms and conditions set forth in the will of the late Amelia Zalesky." It is contended that since Amelia's will contains a provision that the plaintiff may occupy the premises without payment of rent the decree was wrong in enjoining the plaintiff from occupying the premises without the consent of the defendant. The deed from the plaintiff to the defendant was absolute. The defendant, however, concedes in her answer that, "in accordance with the arrangements made with the plaintiff,

[she] holds title to the said real estate upon the same terms and conditions set forth in the testamentary trust established by . . . Amelia." This was binding upon her. G. L. (Ter. Ed.) c. 231, § 87. *Markus* v. *Boston Edison Co.* 317 Mass. 1, 7. The decree, therefore, rightly provided that the defendant held the property subject to the trust in the will. But this provision in the light of the evidence and the findings does not mean that all provisions of the testamentary trust are applicable. It means in substance that the provisions for the support and maintenance of Henry and the gifts over upon the termination of the trust shall apply. The clause that "In the event that my trustee shall personally occupy the said real estate . . . he shall not be chargeable with the payment of rent" obviously would not be applicable, for the plaintiff never became a trustee under the will.

*Decree affirmed with costs*
*of this appeal.*