Dolan, J.
This is an action in which plaintiff seeks reimbursement in the amount of $8,327.54 from funds paid to defendant by plaintiffs workers’ compensation insurance carrier, as weekly compensation, for a period when defendant was physically disabled as a result of a job-related injury. During the same time period, plaintiff paid defendant under the provisions of its Long Term Salary Continuation Plan (hereinafter the “plan”). Defendant denies that plaintiff is entitled to reimbursement.
Both plaintiff and defendant filed affidavits and motions for summary judgment under Dist./Mun. Cts. R. Civ. P., Rule 56. Plaintiff, claiming to be aggrieved by the denial of its motion for summary judgment and the allowance of defendant’s motion, has claimed a Report to this Division. The trial judge made no findings or rulings. All of the grounds underlying these motions axe open for appellate review. Gallant v. Worcester, 383 Mass. 707, 709 (1981).
The pleadings and affidavits indicate that the facts are not in dispute. Defendant was employed by plaintiff for 25 years. He was injured in an industrial accident which occurred on August 25, 1983, and which resulted in his being unable to perform his job duties because of physical disability, from September 16, 1983 and following. At the time of his industrial accident, he was employed as plant manager under the terms of an employee contract at an annual salary of $33,000.
After his industrial accident, defendant filed a claim for workers’ compensation benefits. By a decision of the Industrial Accident Board on August 27,1984, plaintiffs workers’ compensation insurance carrier was ordered to pay weekly compensation to defendant at the rate of $320.29 per week, from September 16, 1983. Defendant received his full salary from plaintiff under the terms of plaintiffs plan for 26 weeks beginning September 16, 1983. Plaintiff is seeking reimbursement of $320.29 per week for the 26 weeks it made payments.
The plan provided in part that in the event any salaried employee working at least twenty hours per week becomes disabled for an extended ' period, all or a portion of the employee’s base salary will be continued for a limited period of time. The limited period for which some or all of an employee’s salary will be continued, and the amount to be received, was dependent on length of company service. The categories ranged from 50% *15 of salary not to exceed $95 per week for a maximum of 26 weeks, for those with less than 3 months of service, to 100% of salary for a maximum of 26 weeks, for those with 20 years or more of company service. Defendant had [1] over 20 years of company service and was entitled to receive maximum benefits under the plan.
The plan also provided in part that “The Company may, at the . discretion of management, continue the full salary of an employee disabled as a result of job-related illness or injury for up to six months. Such salary shall be paid in lieu of Workmen’s Compensation benefits, provided the employee executes an agreement to accept such benefits in lieu of Workmen’s Compensation (see Attachment A) in states where this procedure is acceptable. In other states, the employee’s salary will be reduced by the amount of benefits actually paid or payable.”
“Attachment A” was in the following form:
ATTACHMENT A
(Date)
I, .... , accept my regular salary in lieu of weekly indemnity checks as a result of my injury of .. , without waiving any future rights under the.Workmen’s Compensation Act.
Witness Signature
Plaintiff never asked defendant to execute “Attachment A” nor did defendant ever execute “Attachment A”.
Plaintiff has alleged that it exercised its discretion under the terms of the plan to integrate its salary payments to defendant with workers’ compensation benefits in a manner not inconsistent with the terms of that plan. It has the burden of presenting sufficient facts to prove an exercise of its discretion. Hayes v. Brody, 1983 Mass. App. Div. 58, 60.
Defendant was entitled to his full salary for the 26 week period if plaintiff exercised its discretion under the plan. He was also entitled to his full salary for the same period as a regular benefit under the plan. The payment of full salary for the 26 week period is as consistent with the non-exercise of discretion as it is with the exercise of discretion by plaintiff and does not satisfy plaintiffs burden of proof.
The first overt expression of plaintiffs intention to exercise its discretion occurred on September 17, 1984 when plaintiff sought reimbursement of $320.29 for 26 weeks from defendant. This was approximately 3 weeks after plaintiffs workers’ compensation insurance carrier was ordered to make payments to defendant, approximately six months after plan benefits had been paid in full to defendant, at least nine months after plaintiff had knowledge that defendant claimed his injury was job related, and over a year after defendant’s injury.
There is no time stated in the plan for plaintiff to exercise its discretion. ■ When no time is stated, a reasonable time is implied. What is a reasonable time must be determined in view of the circumstances of each particular ' case and will vary widely in different types of cases. Murphy v. Gilchrist Co., 310 Mass. 635, 637 (1942). Although what is reasonable is ordinarily a question of fact, where the facts are not in dispute the question becomes .one of law. Powers v. Wayside, 343 Mass. 686, 691 (1962). It may be dealt *16 with by the court as a question of law when there is no room for dispute. Orr v. Keith, 245 Mass. 35, 39 (1923).
In this case, the plan provision allows plaintiff the flexibility to permit some employees to receive both plan benefits and workers’ compensation benefits, while requiring the integration of these benefits for other employees.[1] A delayed exercise of discretion can result in an employee’s incurring legal expense in the prosecution of a workers’ compensation claim without receiving any benefits from that claim. We interpret the plan to require that plaintiffs discretion be exercised within a reasonable time after it becomes aware of an employee’s injury and the facts surrounding the employee’s claim that it was job-related.
In our opinion, this evidence does not warrant a finding that the plaintiff exercised its discretion within a reasonable time after it became aware of the facts in this case. Having reached this conclusion, we do not consider the legal effect of the plaintiffs failure to have the defendant execute “Attachment A”, or its legal standing in this Commonwealth.
Report dismissed.

So ordered

 If integration of benefits for all employees was intended, that purpose could have been accomplished by language similar to the plan provisions integrating plan benefits with certain government benefits. “All salary continuation payments will be reduced by the amount of any payments under government programs (State Disability Laws, Social Security, etc.).”