Dolan, J.
This action is a suit upon a foreign judgment. The defendant answered that the foreign judgment is void for lack of personal jurisdiction over him. Both parties filed Dist./Mun. Cts. R. Civ. P., Rule 56 motions for summaryjudgmént. The trial court allowed the plaintiffs motion for summary judgment and denied the defendant’s motion for summary judgment. The defendant appealed to this division.
Plaintiff is a foreign corporation, with a place of business in the State of Illinois, engaged in the business of leasing medical equipment. Defendant is a physician with an office and residence in this Commonwealth. In 1980, the parties allegedly entered into a written agreement under the terms of which defendant would lease certain medical equipment for plaintiff. The lease negotiations were conducted in this Commonwealth, the lease agreement was executed by the defendant in this Commonwealth, and the equipment was delivered to this Commonwealth for use in this Commonwealth. After several years, defendant notified plaintiff that he would make no further payments because of defective equipment. In June, 1985, plaintiff filed suit in the State of Illinois against the defendant, with respect to an alleged breach of the equipment lease. Defendant was served in Massachusetts under the State of Illinois’ long-arm statute. Defendant did not appear in the State of Illinois action, and judgment in the amount of $9,744.99 was entered for plaintiff against defendant. Plaintiff brought this action in a single count upon that foreign judgment. All of the grounds underlying the summary judgment *209 motions are open for appellate review. United Merchants & Manufacturing, Inc. v. Monast, 1986 Mass. App. Div. 14.
Plaintiff has stipulated that defendant did no acts within the State of Illinois that would provide that State with jurisdiction under its long-arm statute. Instead, plaintiff relies on a provision in the equipment lease agreement that provides jurisdiction in the State of Illinois with the alleged consent of the defendant.[1]
Contractual forum selection clauses have historically not been favored by American courts. M/S Bremen v. Zapata Off-Shore Company, 407 U.S. 1, 10 (1972). Nute v. Hamilton Mutual Insurance Company, 72 Mass. 174, 185 (1856). That view is changing. M/S Bremen, 407 U.S. at 11; Ernest and Norman Hart Brothers, Inc. v. Town Contractors, Inc. 18 Mass. App. Ct. 60, 65 (1984) cert. denied. 392 Mass. 1103 (1984). Factors to be considered concerning the validity of such clauses are the reasonableness of the choice of forum, the equality of bargaining power of the parties, and whether the forum selection provision is a negotiated agreement or part of a form contract with boilerplate language. M/S Bremen, 407 U.S. at 12; Ernest and Norman Hart Brothers, Inc., 18 Mass. App. Ct. at 64.[2] In this case, we need not reach the issue of the validity of the choice of forum provision because, even if the provision is valid, plaintiff has not complied with that provision.
The contractual forum selection provision not only provides the State of Illinois with jurisdiction, it also provides for service of process within that State on defendant’s agent. Plaintiff did not comply with that service of process provision. There was no service within the State of Illinois on defendant or his alleged agent. Instead, defendant was served out of that State in a manner similar to service authorized by the State of Illinois’ long-arm statute.
The language of the contractual forum selection provision concerning service of process is not ambiguous. Its apparent intent is to avoid potential problems associated with long arm service and provides defendant with an agent within the State of Illinois whose responsibility it is to forward that process to the defendant by certified mail. That procedure contrasts with the more limited protection afforded a defendant under the State of Illinois’ long-arm statute which provides in part that, “Nothing herein contained limits or affects the right to serve any process in any manner now or hereafter provided by law.” State of Illinois Code c. 110, § 2-209(d). Because notice is a matter of substance affecting the validity of the proceedings, where a *210 procedure for giving notice is provided, that procedure must be followed. Nickerson v. Fales, 342 Mass. 194, 198-200 (1961). At a minimum, the protections for the benefit of a defendant in a contractual forum selection clause must be afforded that defendant. The plaintiff, not having provided defendant with the allegedly agreed Upon service, did not obtain proper service for the court of the State of Illinois to issue a judgment against a Massachusetts defendant.
The allowance of plaintiffs motion for summary judgment was in error for the reason that the State of Illinois had no personal jurisdiction over defendant. Plaintiffs underlying claim, with respect to the equipment lease, has not been resolved in either this Commonwealth or in the State of Illinois.
We believe the plaintiff should be allowed amendment on remand as to all claims for relief with.respect to an alleged breach of the equipment lease agreement. Slaney v. Westwood Auto, Inc., 366 Mass. 688, 706 (1975); Charbonnier v. Amico, 367 Mass. 146, 154 (1975). The case is remanded to the Quincy District Court where the plaintiff will have leave to file an amended complaint within thirty days of the date of this opinion. The defendant may then move or answer according to the Rules.

So Ordered.

 The terms and conditions of the equipment lease agreement included the following:
“17. SERVICE OF PROCESS AND JURISDICTION. The LESSEE hereby designates Gerald A. Kien, 2345 Pembroke, Hoffman Estates, Illinois 60195, and/or Charles H. Perlman, 30 N. LaSalle Suite 2424, Chicago, Illinois 60602, as agents far the purpose of accepting service of any process within the State of Illinois, and the said agent agrees to forward by certified mail any process served upon him to the LESSEE at its address as set forth above. LESSEE acknowledges that this LEASE is to be substantially performed in Illinois and is binding when accepted in Illinois and in the event of a default, theLESSEE consents to jurisdiction in the State of Illinois, agrees to waive any objections to such jurisdiction and agrees to file a general appearance or in the alternative authorizes irrevocably any attoreny of any court of record to appear for the LESSEE in such court at anytime any amount is due hereunder and to confess a judgment without process in favor of LESSOR for all amounts due including attorney’s fees and costs as described, and LESSEE waives all errors that may intervene and consents to immediate execution upon such judgment.” (emphasis added)

 The subject provision is one of twenty-six terms and conditions of the lease. All of these terms and conditions are printed on the reverse side of the equipment lease agreement in smaller print than the print on the front side of the agreement.